**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number (*if known*): _____     Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | Mosaic Sustainable Finance Corporation |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | n/a |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 87-2456802 |

4. **Debtor's address**

**Principal place of business**

601 12th Street
Number          Street

Suite 325

Oakland, California 94607
City          State     Zip Code

Alameda
County

**Mailing address, if different from principal place of business**

Number          Street

City               State     Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City               State     Zip Code

5. **Debtor's website** (URL)     https://joinmosaic.com/

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor      Mosaic Sustainable Finance Corporation                        Case number *(if known)*  _____
              Name

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

_ 5223_

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____   When _____   Case number _____
                                                           MM/DD/YYYY

            District _____   When _____   Case number _____
                                                           MM/DD/YYYY

| Debtor | Mosaic Sustainable Finance Corporation | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| Debtor | See Schedule 1 | Relationship | Affiliate |
| District | Southern District of Texas | When | 06 / 06 / 2025 |
| Case number, if known | | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street |
| | |
| City | | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☒ | 200-999 | | | | |

---

[1]  Estimated number of creditors noted here is provided on a consolidated basis.

Debtor    Mosaic Sustainable Finance Corporation      Case number *(if known)* _____
Name

| **15. Estimated assets**[2] | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities**[3] | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --**   Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    06 / 06 / 2025
            MM/ DD / YYYY

✗   */s/ Mark A. Renzi*            Mark A. Renzi
    Signature of authorized representative of debtor     Printed name

Title    Chief Restructuring Officer

**18. Signature of attorney**

✗   */s/ Charles Persons*     Date    06 / 06 / 2025
    Signature of attorney for debtor          MM/DD/YYYY

Charles Persons
Printed name

Paul Hastings LLP
Firm name

609 Main Street, Suite 2500
Number       Street

Houston                TX      77002
City                   State     ZIP Code

(713) 860-7300           charlespersons@paulhastings.com
Contact phone             Email address

24060413             Texas
Bar number            State

---

[2]   Estimated number of assets and liabilities noted here are provided on a consolidated basis.

[3]   Estimated number of assets and liabilities noted here are provided on a consolidated basis.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| Southern District of Texas |
| (State) |
| Case number *(if known)*: _____   Chapter ___11___ |

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), has filed or will file a petition for relief in the United States Bankruptcy Court for the Southern District of Texas Houston Division under chapter 11 of title 11 of the United States Code. The Debtors have, substantially contemporaneously herewith, moved for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of Debtor **Mosaic Sustainable Finance Corporation.**

| Debtor | Employer Identification Number | Jurisdiction |
|---|---|---|
| Mosaic Sustainable Finance Corporation | 87-2456802 | Delaware |
| Solar Mosaic LLC | 61-1653655 | Delaware |
| Modern Home LLC | 83-1154998 | Delaware |
| Mosaic Funding Holdings LLC | 81-1150866 | Delaware |
| SMCTX LLC | 39-2396303 | Texas |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Mosaic Sustainable Finance Corporation, | ) | Case No. 25-_____ (___) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of the Debtor's common shares:

| Shareholder | Approximate Percentage of Common Stock Shares Held: |
|---|---|
| TWAB TRUST 3 LLC | 13.05% |

**MINUTES**
**FOR A MEETING**
**OF THE**
**BOARD OF DIRECTORS OF**
**MOSAIC SUSTAINABLE FINANCE CORPORATION**

**June 6, 2025**

A telephonic meeting of the Board of Directors (the "Board") of **MOSAIC SUSTAINABLE FINANCE CORPORATION**, a Delaware corporation (the "Company"), was held on June 6, 2025 and commenced at approximately 7:00 a.m. (prevailing Pacific Time).

**DIRECTORS PRESENT:**

Patrick Moore
William Parish
Eric Friedman
Bret Pearlman
Daniel Rosen
Patrick Bartels

**OTHERS PRESENT:**

Julianne Spears, General Counsel and Secretary of the Company
Daniel Budington, Chief Financial Officer of the Company
Rich Morgner, Jefferies LLC
Matt Murphy, Paul Hastings LLP
Mark Renzi, Berkeley Research Group, LLC

**A.    CALL TO ORDER**

Mr. Moore called the meeting to order and noted that a quorum of the Board was present and that the meeting had been duly called in accordance with the Company's bylaws.

**B.    PROCEEDINGS**

Mr. Moore reviewed the purpose of the meeting, which was to consider, among other matters, the commencement of a chapter 11 case under title 11 of the United States Code and related matters described in the proposed Board resolutions attached hereto as **Exhibit A** (the "Board Resolutions").  The Board members asked questions and there was discussion among attendees throughout.  Following discussion and consideration the Board approved the Board Resolutions.

## C.     ADJOURNMENT

There being no further business to come before the Board, the meeting was adjourned at approximately 7:30 a.m. (prevailing Pacific Time).

Respectfully submitted,

DocuSigned by:

*Julianne Spears*

7C99B2E778C84B7...

**JULIANNE SPEARS**
Secretary of the Meeting

**EXHIBIT A**

**PROPOSED RESOLUTIONS OF THE
BOARD OF DIRECTORS OF
MOSAIC SUSTAINABLE FINANCE CORPORATION**

June 6, 2025

**Commencement of Chapter 11 Case**

**WHEREAS**, a committee (the "Restructuring Committee") of the board of directors (the "Board") of Mosaic Sustainable Finance Corporation (the "Company"), consisting of an independent director, was established to, among other things, evaluate strategic alternatives available to the Company;

**WHEREAS**, the Board has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, (iii) operational advice from management of the Company, and (iv) the advice and recommendations of the Restructuring Committee, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Board has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE, BE IT RESOLVED**, that the Board has determined, after due consultation with the Restructuring Committee and with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company file, or cause to be filed, a voluntary petition for relief under the applicable provisions of chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

**RESOLVED**, that the Chief Restructuring Officer (as established and appointed pursuant to these Resolutions), the Chief Executive Officer, the Chief Financial Officer, and the General Counsel of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the commencement of the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in

connection with the successful filing of the Chapter 11 Case, including the professional retentions set forth in this resolution.

**Retention of Professionals**

  **NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at, among other offices worldwide, 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

  **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies Financial Group Inc. ("Jefferies"), located at 520 Madison Avenue, New York, New York 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

  **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Berkeley Research Group, LLC ("BRG"), located at 810 Seventh Avenue, Suite 4100, New York, New York 10019, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of BRG; and be it further

  **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Kroll Restructuring Administration LLC ("Kroll") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Kroll; and be it further

  **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of

delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

## Appointment of Chief Restructuring Officer

**NOW, THEREFORE, BE IT RESOLVED**, that the Board, after due consultation with the Restructuring Committee, hereby creates the office of Chief Restructuring Officer; and be it further

**RESOLVED**, that the Board, after due consultation with the Restructuring Committee, hereby appoints Mr. Mark Renzi as Chief Restructuring Officer of the Company following such appointment, to hold such office until his successor shall be duly elected and qualified or until his earlier death, resignation, or removal.

## First Day Declarant

**NOW, THEREFORE, BE IT RESOLVED**, that in light of the familiarity and experience of Mr. Mark Renzi, Chief Restructuring Officer, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Board has determined it is appropriate and in the best interest of the Company to authorize Mr. Mark Renzi to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

**RESOLVED**, that Mr. Mark Renzi is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

## Debtor-in-Possession Financing

**NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and

to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, necessary or advisable to enter into, as a guarantor, that certain *Debtor-in-Possession Credit Agreement*, to be dated as of June 6, 2025 among Solar Mosaic LLC ("Solar Mosaic"), as borrower, and Forbright Bank, as administrative agent and a lender, and the other lender parties party thereto.

## Subsidiaries Written Consents

**WHEREAS**, Solar Mosaic, a Delaware limited liability company ("Solar Mosaic"), Modern Home LLC, a Delaware limited liability company ("Modern Home"), Mosaic Funding Holdings LLC, a Delaware limited liability company ("Holdings"), and SMCTX LLC, a Texas limited liability company ("SMCTX" and, together with Modern Home and Holdings, the "Indirect Subsidiaries"), are each direct or indirect subsidiaries of the Company (each, a "Subsidiary" and collectively, the "Subsidiaries") and, with respect to such Subsidiaries, the Board approves the following resolutions:

**NOW, THEREFORE, BE IT RESOLVED**, that the Company authorizes the Authorized Persons, in their capacity as the members of the Board of Managers of Solar Mosaic, to execute and deliver the written consent attached hereto as **Exhibit 1** (the "Solar Mosaic Written Consent"), for Solar Mosaic to consummate or otherwise effectuate the transactions and other matters contemplated thereby; and be it further

**RESOLVED**, that the Company authorizes the Authorized Persons, in their capacity as the members of the Board of Managers of Solar Mosaic as the sole managing member of Modern Home, the sole managing member of Holdings, and the sole managing member of SMCTX, to execute and deliver the applicable written consents attached to the Solar Mosaic Written Consent as **Exhibit 1-A**, **Exbibit 1-B**, and **Exhibit 1-C** (collectively, the "Indirect Subsidiary Written Consents" and, together with the Solar Mosaic Written Consent, each a "Written Consent" and, collectively, the "Written Consents"), and for the Indirect Subsidiaries to consummate or otherwise effectuate the transactions and other matters contemplated thereby; and be it further

**RESOLVED**, that the form, terms, and provisions of each Written Consent, and the transactions and other matters contemplated thereby, be, and they hereby are, authorized and approved in all respects; and be it further

**RESOLVED**, that the Authorized Persons, in their capacity as the members of the Board of Managers of Solar Mosaic, and Solar Mosaic, in its capacity as the sole managing member of each Indirect Subsidiary, are authorized and directed to execute and deliver the Written Consents, as applicable, and each officer of each applicable Subsidiary is authorized and directed to consummate or otherwise effectuate the transactions and other matters contemplated by such Written Consent and to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, as such officer may deem necessary or advisable to carry out the purposes and intent of the applicable Written Consent.

**General Authorization**

**NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

**RESOLVED**, that the Board of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company hereby adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

**RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement,

or certificate has been specifically authorized in advance by resolution of the Board of the Company.

\*　　\*　　\*　　\*　　\*

## <u>Exhibit 1</u>

**Solar Mosaic Written Consent**

## UNANIMOUS WRITTEN CONSENT OF THE
## BOARD OF MANAGERS OF
## SOLAR MOSAIC LLC

June 6, 2025

The undersigned, being all of the members of the board of managers (the "<u>Board</u>") of Solar Mosaic LLC, a limited liability company formed under the laws of Delaware (the "<u>Company</u>"), in lieu of holding a meeting of the Board, hereby take the following actions and adopt the following resolutions by written consent (this "<u>Consent</u>") as of the date hereof, pursuant to the Limited Liability Company Agreement of the Company dated as of November 10, 2021 (the "<u>Operating Agreement</u>") and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated. Capitalized terms used herein but not defined shall have the meaning as set forth in the Operating Agreement.

### Commencement of Chapter 11 Case

**WHEREAS**, the Board has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Board has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE, BE IT RESOLVED**, that the Board has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company file, or cause to be filed, a voluntary petition for relief under the applicable provisions of chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Case</u>") in a court of proper jurisdiction (the "<u>Bankruptcy Court</u>"); and be it further

**RESOLVED**, that the Chief Restructuring Officer (as established and appointed pursuant to this Consent), the Chief Executive Officer, the Chief Financial Officer, and the General Counsel of the Company (each, an "<u>Authorized Person</u>"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the commencement of the Chapter 11 Case, including negotiating,

executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection with the successful filing of the Chapter 11 Case, including the professional retentions set forth in this resolution.

## Retention of Professionals

      **NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at, among other offices worldwide, 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

      **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies Financial Group Inc. ("Jefferies"), located at 520 Madison Avenue, New York, New York 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

      **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Berkeley Research Group, LLC ("BRG"), located at 810 Seventh Avenue, Suite 4100, New York, New York 10019, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of BRG; and be it further

      **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Kroll Restructuring Administration LLC ("Kroll") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Kroll; and be it further

      **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties

under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

## Appointment of Chief Restructuring Officer

**NOW, THEREFORE, BE IT RESOLVED**, that the Board hereby creates the office of Chief Restructuring Officer; and be it further

**RESOLVED**, that the Board hereby appoints Mr. Mark Renzi as Chief Restructuring Officer of the Company following such appointment, to hold such office until his successor shall be duly elected and qualified or until his earlier death, resignation, or removal.

## First Day Declarant

**NOW, THEREFORE, BE IT RESOLVED**, that in light of the familiarity and experience of Mr. Mark Renzi, Chief Restructuring Officer, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Board has determined it is appropriate and in the best interest of the Company to authorize Mr. Mark Renzi to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

**RESOLVED**, that Mr. Mark Renzi is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

## Debtor-in-Possession Financing

**NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts,

deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, necessary or advisable to enter into that certain *Debtor-in-Possession Credit Agreement*, to be dated as of June 6, 2025 among the Company, as borrower, and Forbright Bank, as administrative agent and a lender, and the other lender parties party thereto.

**Subsidiary Written Consents**

**WHEREAS**, Modern Home LLC, a Delaware limited liability company ("Modern Home"), Mosaic Funding Holdings LLC, a Delaware limited liability company ("Holdings"), and SMCTX LLC, a Texas limited liability company ("SMCTX"), are each direct or indirect subsidiaries of the Company (each, a "Subsidiary" and collectively, the "Subsidiaries"), and, therefore, the Board approves the following resolutions:

**NOW, THEREFORE, BE IT RESOLVED**, that the Company, as the sole managing member of Modern Home, as the sole managing member of Holdings, and as the sole managing member of SMCTX, execute and deliver the applicable written consents attached hereto as **Exhibit 1-A**, **Exhibit 1-B**, and **Exhibit 1-C** (each, a "Written Consent" and, collectively, the "Written Consents"), and the Subsidiaries consummate or otherwise effectuate the transactions and other matters contemplated thereby; and be it further

**RESOLVED**, that the form, terms, and provisions of each Written Consent, and the transactions and other matters contemplated thereby, be, and they hereby are, authorized and approved in all respects; and be it further

**RESOLVED**, that the Company is authorized and directed in its capacity as the sole managing member of the applicable Subsidiary to execute and deliver the Written Consents, as applicable, and each officer of each applicable Subsidiary is authorized and directed to consummate or otherwise effectuate the transactions and other matters contemplated by such Written Consent and to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, as such officer may deem necessary or advisable to carry out the purposes and intent of the applicable Written Consent.

**General Authorization**

**NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting

conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

**RESOLVED**, that the Board of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company hereby adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

**RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board of the Company.

[*Signature Page Follows*]

**IN WITNESS WHEREOF**, the undersigned have executed this written consent effective as of the date first written above.

_____

Patrick Moore

_____

Daniel Budington

## **Exhibit 1-A**

**Modern Home Written Consent**

## WRITTEN CONSENT OF THE SOLE MANAGING MEMBER
## OF MODERN HOME LLC

June 6, 2025

The undersigned, being the sole managing member (the "Managing Member") of Modern Home LLC, a Delaware limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions pursuant to the Limited Liability Company Agreement of the Company, dated as of July 6, 2018, as amended and restated, and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated, effective as of the date hereof.

**Commencement of Chapter 11 Case**

**WHEREAS**, the Managing Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Managing Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE, BE IT RESOLVED**, that the Managing Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company file, or cause to be filed, a voluntary petition for relief under the applicable provisions of chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

**RESOLVED**, that the Chief Restructuring Officer (as established and appointed pursuant to this Consent), the Chief Executive Officer, the Chief Financial Officer, and the General Counsel of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the commencement of the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection with the successful filing of the Chapter 11 Case, including the professional retentions set forth in this resolution.

**Retention of Professionals**

**NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at, among other offices worldwide, 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

**RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies Financial Group Inc. ("Jefferies"), located at 520 Madison Avenue, New York, New York 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

**RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Berkeley Research Group, LLC ("BRG"), located at 810 Seventh Avenue, Suite 4100, New York, New York 10019, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of BRG; and be it further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Kroll Restructuring Administration LLC ("Kroll") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Kroll; and be it further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention

agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

## Appointment of Chief Restructuring Officer

**NOW, THEREFORE, BE IT RESOLVED**, that the Managing Member hereby creates the office of Chief Restructuring Officer; and be it further

**RESOLVED**, that the Managing Member hereby appoints Mr. Mark Renzi as Chief Restructuring Officer of the Company following such appointment, to hold such office until his successor shall be duly elected and qualified or until his earlier death, resignation, or removal.

## First Day Declarant

**NOW, THEREFORE, BE IT RESOLVED**, that in light of the familiarity and experience of Mr. Mark Renzi, Chief Restructuring Officer, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Managing Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Mark Renzi to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

**RESOLVED**, that Mr. Mark Renzi is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

## Debtor-in-Possession Financing

**NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments,

certificates, statements, reports, documents, instruments and papers, necessary or advisable to enter into, as a guarantor, that certain *Debtor-in-Possession Credit Agreement*, to be dated as of June 6, 2025 among Solar Mosaic LLC, as borrower, and Forbright Bank, as administrative agent and a lender, and the other lender parties party thereto.

**General Authorization**

      **NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

      **RESOLVED**, that the Managing Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

      **RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

      **RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company hereby adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

      **RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Managing Member of the Company.

[*Signature Page Follows*]

**IN WITNESS WHEREOF**, the undersigned being the Managing Member has executed this written consent effective as of the date first written above.

**Modern Home LLC**, a Delaware limited liability company

By: Solar Mosaic LLC, its managing member

By: _____
     Name:
     Title:

**<u>Exhibit 1-B</u>**

**Holdings Written Consent**

## WRITTEN CONSENT OF THE SOLE MANAGING MEMBER
## OF MOSAIC FUNDING HOLDINGS LLC

June 6, 2025

The undersigned, being the sole managing member (the "Managing Member") of Mosaic Funding Holdings LLC, a Delaware limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions pursuant to Limited Liability Company Agreement of the Company, dated as of February 1, 2016, as amended and restated, and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated, effective as of the date hereof.

### Commencement of Chapter 11 Case

**WHEREAS**, the Managing Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Managing Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE, BE IT RESOLVED**, that the Managing Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company file, or cause to be filed, a voluntary petition for relief under the applicable provisions of chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

**RESOLVED**, that the Chief Restructuring Officer (as established and appointed pursuant to this Consent), the Chief Executive Officer, the Chief Financial Officer, and the General Counsel of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the commencement of the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection with the successful filing of the Chapter 11 Case, including the professional retentions set forth in this resolution.

**Retention of Professionals**

**NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at, among other offices worldwide, 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

**RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies Financial Group Inc. ("Jefferies"), located at 520 Madison Avenue, New York, New York 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

**RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Berkeley Research Group, LLC ("BRG"), located at 810 Seventh Avenue, Suite 4100, New York, New York 10019, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of BRG; and be it further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Kroll Restructuring Administration LLC ("Kroll") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Kroll; and be it further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention

agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

## Appointment of Chief Restructuring Officer

**NOW, THEREFORE, BE IT RESOLVED**, that the Managing Member hereby creates the office of Chief Restructuring Officer; and be it further

**RESOLVED**, that the Managing Member hereby appoints Mr. Mark Renzi as Chief Restructuring Officer of the Company following such appointment, to hold such office until his successor shall be duly elected and qualified or until his earlier death, resignation, or removal.

## First Day Declarant

**NOW, THEREFORE, BE IT RESOLVED**, that in light of the familiarity and experience of Mr. Mark Renzi, Chief Restructuring Officer, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Managing Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Mark Renzi to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

**RESOLVED**, that Mr. Mark Renzi is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

## Debtor-in-Possession Financing

**NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments,

certificates, statements, reports, documents, instruments and papers, necessary or advisable to enter into, as a guarantor, that certain *Debtor-in-Possession Credit Agreement*, to be dated as of June 6, 2025 among Solar Mosaic LLC, as borrower, and Forbright Bank, as administrative agent and a lender, and the other lender parties party thereto.

## General Authorization

**NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

**RESOLVED**, that the Managing Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company hereby adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

**RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Managing Member of the Company.

[*Signature Page Follows*]

**IN WITNESS WHEREOF**, the undersigned being the Managing Member has executed this written consent effective as of the date first written above.

> **Mosaic Funding Holdings LLC**, a Delaware limited liability company
>
> By: Solar Mosaic LLC, its managing member
>
> By: _____
>      Name:
>      Title:

## **Exhibit 1-C**

## **SMCTX Written Consent**

# WRITTEN CONSENT OF THE SOLE MANAGING MEMBER
# OF SMCTX LLC

## June 6, 2025

The undersigned, being the sole managing member (the "Managing Member") of SMCTX LLC, a Texas limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions pursuant to the Limited Liability Company Operating Agreement of the Company, dated as of May 29, 2025, as amended and restated, and Title 3, Chapter 101, of the Texas Limited Liability Company Act, as amended and restated, effective as of the date hereof.

## Commencement of Chapter 11 Case

**WHEREAS**, the Managing Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Managing Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE, BE IT RESOLVED**, that the Managing Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company file, or cause to be filed, a voluntary petition for relief under the applicable provisions of chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

**RESOLVED**, that the Chief Restructuring Officer (as established and appointed pursuant to this Consent), the Chief Executive Officer, the Chief Financial Officer, and the General Counsel of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the commencement of the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection with the successful filing of the Chapter 11 Case, including the professional retentions set forth in this resolution.

**Retention of Professionals**

**NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at, among other offices worldwide, 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

**RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies Financial Group Inc. ("Jefferies"), located at 520 Madison Avenue, New York, New York 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

**RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Berkeley Research Group, LLC ("BRG"), located at 810 Seventh Avenue, Suite 4100, New York, New York 10019, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of BRG; and be it further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Kroll Restructuring Administration LLC ("Kroll") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Kroll; and be it further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention

agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

## Appointment of Chief Restructuring Officer

**NOW, THEREFORE, BE IT RESOLVED**, that the Managing Member hereby creates the office of Chief Restructuring Officer; and be it further

**RESOLVED**, that the Managing Member hereby appoints Mr. Mark Renzi as Chief Restructuring Officer of the Company following such appointment, to hold such office until his successor shall be duly elected and qualified or until his earlier death, resignation, or removal.

## First Day Declarant

**NOW, THEREFORE, BE IT RESOLVED**, that in light of the familiarity and experience of Mr. Mark Renzi, Chief Restructuring Officer, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Managing Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Mark Renzi to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

**RESOLVED**, that Mr. Mark Renzi is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

## Debtor-in-Possession Financing

**NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments,

certificates, statements, reports, documents, instruments and papers, necessary or advisable to enter into, as a guarantor, that certain *Debtor-in-Possession Credit Agreement*, to be dated as of June 6, 2025 among Solar Mosaic LLC, as borrower, and Forbright Bank, as administrative agent and a lender, and the other lender parties party thereto.

## General Authorization

**NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

**RESOLVED**, that the Managing Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company hereby adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

**RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Managing Member of the Company.

[*Signature Page Follows*]

**IN WITNESS WHEREOF**, the undersigned being the Managing Member has executed this written consent effective as of the date first written above.

**SMCTX LLC**, a Texas limited liability company

By: Solar Mosaic LLC, its managing member

By: _____

Name:

Title:

Fill in this information to identify the case and this filing:

Debtor Name:      Mosaic Sustainable Finance Corporation

United States Bankruptcy Court for the:                    Southern District of Texas
                                                                                (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other documents that require a declaration   Corporate Ownership Statement and Authorizing Resolutions

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

_06 / 06 / 2025_                         **✗** */s/ Mark A. Renzi*
MM/ DD/YYYY                             Signature of individual signing on behalf of debtor

                                        Mark A. Renzi
                                        Printed name

                                        Chief Restructuring Officer
                                        Position or relationship to debtor

Official Form 202                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**