# Exhibit C-1

## Redline of Restructuring Transactions Memorandum

Restructuring Transactions Memorandum

Pursuant to the Amended Joint Chapter 11 Plan of Mosaic Sustainable Finance Corporation and its Affiliated Debtor (as modified, amended, or supplemented from time to time, the "Plan"), the Debtors currently anticipate that they will implement and seek confirmation of the Plan Equitization Transaction pursuant to the following steps which shall occur in the order set forth below.

This Restructuring Transactions Memorandum (the "Memorandum") reflects the Debtors' current intentions with respect to the Restructuring Transactions. For the avoidance of doubt, nothing in this Memorandum shall limit or modify in any way any authority or discretion granted to the Debtors under the Plan or the Confirmation Order. The Debtors reserve all rights to amend, revise or supplement the Plan Supplement, including this Memorandum, subject to the Plan, at any time prior to the Effective Date, or on any such other date as may be provided for by the Plan or by order of the Bankruptcy Court. Any capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Plan. To the extent any terms or conditions herein conflict with provisions of the Plan, the Plan shall control. This Memorandum is summary in nature, and may not include all transactions to be effectuated in connection with implementation of the Plan.

The Debtors currently anticipate that the following steps (collectively, the "Restructuring Transactions") shall occur in the order set forth below, with no step being effected until the prior step is complete (except as where otherwise noted).

| ***On or prior to the Effective Date:*** | ***Task/Transaction*** |
|---|---|
| 1. | Forbright Bank ("Plan Sponsor") shall form and own 100% of the issued and outstanding equity interests in Solar Servicing Holdings LLC ("New HoldCo"); New HoldCo own 100% of the equity interests in newly formed (a) Solar Servicing LLC ("New Servicing OpCo") and (b) FB Solar Admin LLC ("New Admin OpCo"). |
| 2. | At the election of the Prepetition Secured Agent, Solar Mosaic shall assign and transfer the intellectual property designated in writing by the Prepetition Secured Agent to TopCo. |
| 3. | Solar Mosaic shall assign and transfer to TopCo all assets necessary to run the servicing business, and copies of the information, forms and data necessary for continued operating of the Servicing Business, as the same is designated by the |

| | |
|---|---|
| | DIP Agent. |
| 4. | Except for any servicing counterparty which has its contract included on the Assumed Contracts List, each of the counterparties to the servicing agreements with Solar Mosaic (including any ABS Vehicle (and related underlying trusts), Warehouses and other wholesale loan counterparties) who wish to contract with New Servicing OpCo for go-forward servicing after the Effective Date, shall have entered into a new servicing agreement with New Servicing OpCo, the effectiveness of which shall be conditioned upon the occurrence of the Effective Date (the collectively, the "Successor Servicing Agreements"). |
| 5. | Each of the counterparties to the administration agreements by and among each ABS Vehicle, its applicable underlying trust, and Solar Mosaic, as Administrator, who wish to contract with New Admin OpCo for go-forward Administration of the bonds after the Effective Date, shall have entered into a new Administration agreement with New Admin OpCo, the effectiveness of which shall be conditioned upon the occurrence of the Effective Date (the collectively, the "Successor Administration Agreements"). |
| 6. | Each of the lenders to the Warehouses who have elected receive administrative services from the plan administrator shall have entered into an agreement (the "Plan Administrator Reimbursement and Fee Agreement") to compensate and indemnify the Plan Administrator in exchange for administrative services that the Plan Administrator provides. The scope of such indemnity shall be for liability incurred in the provision of such services and for the defense of any litigation related to the applicable Warehouse or its property. Each Warehouse lender's indemnity shall be on a *pro rata* basis, in accordance with each such facility's share of the unpaid principal balance of all consumer loans collectively owned by the relevant Warehouse; provided, that, such agreements shall become effective together with the Plan Administrator Agreement on the Effective Date. |
| 7. | Solar Mosaic shall deliver the notices of requests for indemnification under installer agreements to the applicable installers. |
| ***On Effective Date:*** | ***Task/Transaction*** |
| 1. | All Executory Contracts and Unexpired Leases other than those (a) identified on the Assumed Contracts List, or (b) previously assumed or rejected by the Debtors, shall be rejected effective as of the Effective Date. |
| 2. | The Successor Servicing Agreements shall become effective as between New Servicing OpCo and the applicable counterparties. |
| 3. | The Successor Administration Agreements shall become effective as between |

| | |
|---|---|
| | New Admin OpCo and the applicable counterparties. |
| 4. | The Plan Administrator Agreement (including the Plan Administrator Reimbursement and Fee Agreement, if any) shall become effective and the Plan Administrator shall be appointed and vested with control over the Wind Down Debtors and their Estates. |
| 5. | Pursuant to the Plan, the Prepetition First Out Lenders ~~and DIP Lenders~~ shall exchange ~~(a) 90~~100% of the outstanding Prepetition First Out Claims ~~and (b) 100% of the DIP Claim comprising Second Out DIP Term Loans (as defined in the Final DIP Order), respectively,~~ for their *pro rata* shares of 100% of the Reorganized Common Equity of Reorganized TopCo, and all such exchanged obligations shall be deemed extinguished pursuant to the Plan as to all Debtors. |
| 6. | Pursuant to the Plan, all issued and outstanding equity interests of any kind in TopCo existing as of the Effective Date shall be deemed canceled and extinguished in their entirety. |
| 7. | Reorganized TopCo shall be divested of all equity interests held in Solar Mosaic LLC, which shall remain a Wind Down Debtor, and control of which shall be, as of the Effective Date, turned over to the Plan Administrator, along with the other Wind Down Debtors. |
| 8. | Plan Sponsor shall contribute 100% of the equity interests of New HoldCo to Reorganized TopCo. |
| 9. | Reorganized TopCo to contribute all assets, contracts, and copies of the information, forms and data necessary for the continued operation of the Servicing Business to New HoldCo and, with immediate effect, New HoldCo shall contribute the same to New Servicing OpCo.<br>Include "assets" (including any intellectual property assets) |
| ~~10.~~ | ~~The Prepetition First Out Lenders shall transfer 10% of the Prepetition First Out Claims to the Litigation Trust in exchange for interests in the Litigation Trust in the manner and priority set forth in the Litigation Trust Agreement.~~ |
| 10. ~~11.~~ | Each DIP Lender shall ~~roll 100% of its DIP Claims comprising the then outstanding~~convert $[ ] million of New Money DIP ~~Term Loans (as defined~~Claims, in the ~~Final DIP Order)~~aggregate, into the Exit Facility under which Reorganized TopCo shall be obligated, as borrower, under the Exit Facility Credit Agreement and other Exit Facility Loan Documents. |
| 11. ~~12.~~ | All Retained Causes of Action set forth in the Schedule of Retained Causes of Action shall be transferred to and vest in the Litigation Trust together with all other Retained Causes of Action (excluding, for the avoidance of doubt, any |

| | |
|---|---|
| | Retained Causes of Action retained by any other party as set forth on the Schedule of Retained Causes of Action). |
| 12. 13. | The Debtors shall make the Litigation Trust Cash Contribution to the Litigation Trust Cash Contribution shall be contributed to the Litigation Trust. |