**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MOSAIC SUSTAINABLE FINANCE | ) Case No. 25-90156 (CML) |
| CORPORATION, *et al.*,[1] | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

**NOTICE OF FILING OF SECOND AMENDED**
**PLAN SUPPLEMENT TO AMENDED JOINT CHAPTER 11 PLAN OF**
**MOSAIC SUSTAINABLE FINANCE CORPORATION AND ITS AFFILIATED DEBTORS**

**[Relates to Plan at Docket No. 563]**

  **PLEASE TAKE NOTICE** that, on July 30, 2025, the debtors and debtors-in possession (collectively, the "Debtors") filed the *Amended Joint Chapter 11 Plan of Mosaic Sustainable Finance Corporation and Its Affiliated Debtors* [Docket No. 368] (the "Initial Plan").

  **PLEASE TAKE FURTHER NOTICE** that, on July 31, 2025, the Court entered the *Order (A) Approving the Adequacy of the Disclosure Statemen, (B) Approving the Solicitation Procedures and Solicitation Packages, (C) Scheduling the Confirmation Hearing, (D) Establishing Procedures for Objecting to the Plan, (E) Approving the Form, Manner, and Sufficiency of Notice of the Confirmation Hearing, and (F) Granting Related Relief.* [Docket No. 386] (the "Solicitation Procedures Order").

  **PLEASE TAKE FURTHER NOTICE** that, on August 14, 2025, the Debtors filed the *Notice of Filing of Plan Supplement to Amended Joint Chapter 11 Plan of Mosaic Sustainable Finance Corporation and Its Affiliate Debtors* [Docket No. 466] (the "Initial Plan Supplement")

  **PLEASE TAKE FURTHER NOTICE** that, on August 29, 2025, the Debtors filed the *Third Amended Joint Chapter 11 Plan of Mosaic Sustainable Finance Corporation and Its Affiliated Debtors* [Docket No. 563] (the "Plan"). [2]

  **PLEASE TAKE FURTHER NOTICE** that, on August 29, 2025, the Debtors filed the *Notice of Filing of Amended Plan Supplement to Amended Joint Chapter 11 Plan of Mosaic*

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Mosaic Sustainable Finance Corporation (6802); Solar Mosaic LLC (3655); Modern Home LLC (4998); Mosaic Funding Holdings LLC (0866); and SMCTX LLC (6303).  The service address for each of the above Debtors is 601 12th Street, Suite 325, Oakland, California 94607.

[2]   Capitalized terms used but not defined herein are defined in the Plan.

*Sustainable Finance Corporation and Its Affiliate Debtors* [Docket No. 565] (the "First Amended Plan Supplement").

**PLEASE TAKE FURTHER NOTICE** that, the Debtors hereby file this second amendment to the Plan Supplement (this "Second Amended Plan Supplement," and together with the Initial Plan Supplement and First Amended Plan Supplement, the "Plan Supplement") in support of the Plan.

**PLEASE TAKE FURTHER NOTICE** that, the Debtors hereby file the following Plan Supplement exhibits, as may be modified, amended, or supplemented from time to time, and, for the convenience of the Court and parties in interest have included redlined versions of such exhibits showing changes marked against the versions filed with the First Amended Plan Supplement:

| Exhibit | Description |
|---|---|
| C | Restructuring Transactions Memorandum |
| C-1 | Redline of Restructuring Transactions Memorandum |

**PLEASE TAKE FURTHER NOTICE** that, the documents contained in this Plan Supplement are integral to, and considered part of, the Plan. If the Plan is confirmed, the documents contained in the Plan Supplement will be approved by the Bankruptcy Court pursuant to the order confirming the Plan.

**PLEASE TAKE FURTHER NOTICE** that, the documents contained in the Plan Supplement are not final and remain subject to continuing negotiations among the Debtors and other interested parties. Accordingly, the Debtors reserve the right to alter, amend, modify, or supplement any document of, or add any document to, the Plan subject to the terms and conditions of the Plan.

**PLEASE TAKE FURTHER NOTICE** that, copies of the Plan Supplement, the Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at https://cases.ra.kroll.com/mosaic/, or upon request to Kroll Restructuring Administration LLC ("Kroll" or the "Voting Agent"), by (i) telephone at (844) 953-7040 (U.S./Canada, toll free) or +1 (646) 974-5614 (international, toll), or (ii) email at MosaicInfo@ra.kroll.com (with "Mosaic Solicitation Inquiry" in the subject line).

**PLEASE TAKE FURTHER NOTICE** that, the Confirmation Hearing on confirmation of the Plan has been scheduled for **September 4, 2025 at 9:00 a.m. (prevailing Central Time)** before The Honorable Judge Christopher M. Lopez, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of Texas, Courtroom 401, 515 Rusk, Houston, TX 77002. The Confirmation Hearing may be further continued from time to time without further notice other than the announcement of the adjourned date(s) by the Debtors in open court or by notice on the docket.

*[Remainder of Page Intentionally Left Blank]*

Dated: August 30, 2025
Houston, Texas

*/s/ Charles Persons*

**PAUL HASTINGS LLP**
Charles Persons (TX Bar No. 24060413)
Schlea Thomas (TX Bar No. 24131710)
609 Main Street, Suite 2500
Houston, Texas 77002
Telephone:     (713) 860-7300
Facsimile:     (713) 353-3100
Email: charlespersons@paulhastings.com
          schleathomas@paulhastings.com

-and-

Matthew M. Murphy (admitted *pro hac vice*)
Geoffrey M. King (admitted *pro hac vice*)
William Reily (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:     (312) 499-6000
Facsimile:     (312) 499-6100
Email: mattmurphy@paulhastings.com
          geoffking@paulhastings.com
          williamreily@paulhastings.com
          michaeljones@paulhastings.com

-and-

Ryan P. Montefusco (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:     (212) 318-6000
Facsimile:     (212) 319-4090
Email: ryanmontefusco@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Certificate of Service</u>**

I certify that on August 30, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Charles Persons*
Charles Persons

**<u>Exhibit C</u>**

**Restructuring Transactions Memorandum**

Restructuring Transactions Memorandum

Pursuant to the Amended Joint Chapter 11 Plan of Mosaic Sustainable Finance Corporation and its Affiliated Debtor (as modified, amended, or supplemented from time to time, the "Plan"), the Debtors currently anticipate that they will implement and seek confirmation of the Plan Equitization Transaction pursuant to the following steps which shall occur in the order set forth below.

This Restructuring Transactions Memorandum (the "Memorandum") reflects the Debtors' current intentions with respect to the Restructuring Transactions. For the avoidance of doubt, nothing in this Memorandum shall limit or modify in any way any authority or discretion granted to the Debtors under the Plan or the Confirmation Order. The Debtors reserve all rights to amend, revise or supplement the Plan Supplement, including this Memorandum, subject to the Plan, at any time prior to the Effective Date, or on any such other date as may be provided for by the Plan or by order of the Bankruptcy Court. Any capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Plan. To the extent any terms or conditions herein conflict with provisions of the Plan, the Plan shall control. This Memorandum is summary in nature, and may not include all transactions to be effectuated in connection with implementation of the Plan.

The Debtors currently anticipate that the following steps (collectively, the "Restructuring Transactions") shall occur in the order set forth below, with no step being effected until the prior step is complete (except as where otherwise noted).

| On or prior to the Effective Date: | Task/Transaction |
|---|---|
| 1. | Forbright Bank ("Plan Sponsor") shall form and own 100% of the issued and outstanding equity interests in Solar Servicing Holdings LLC ("New HoldCo"); New HoldCo own 100% of the equity interests in newly formed (a) Solar Servicing LLC ("New Servicing OpCo") and (b) FB Solar Admin LLC ("New Admin OpCo"). |
| 2. | At the election of the Prepetition Secured Agent, Solar Mosaic shall assign and transfer the intellectual property designated in writing by the Prepetition Secured Agent to TopCo. |
| 3. | Solar Mosaic shall assign and transfer to TopCo all assets necessary to operate the servicing business, and copies of the information, forms and data necessary for continued operating of the servicing business, as the same is designated by the DIP Agent. |

| | |
|---|---|
| 4. | Except for any servicing counterparty which has its contract included on the Assumed Contracts List, each of the counterparties to the servicing agreements with Solar Mosaic (including any ABS Vehicle (and related underlying trusts), Warehouses and other wholesale loan counterparties) who wish to contract with New Servicing OpCo for go-forward servicing after the Effective Date, shall have entered into a new servicing agreement with New Servicing OpCo, the effectiveness of which shall be conditioned upon the occurrence of the Effective Date (the collectively, the "Successor Servicing Agreements"). |
| 5. | Each of the counterparties to the administration agreements by and among each ABS Vehicle, its applicable underlying trust, and Solar Mosaic, as Administrator, who wish to contract with New Admin OpCo for go-forward Administration of the bonds after the Effective Date, shall have entered into a new Administration agreement with New Admin OpCo, the effectiveness of which shall be conditioned upon the occurrence of the Effective Date (the collectively, the "Successor Administration Agreements"). |
| 6. | Each of the lenders to the Warehouses who have elected receive administrative services from the plan administrator shall have entered into an agreement (the "Plan Administrator Reimbursement and Fee Agreement") to compensate and indemnify the Plan Administrator in exchange for administrative services that the Plan Administrator provides. The scope of such indemnity shall be for liability incurred in the provision of such services and for the defense of any litigation related to the applicable Warehouse or its property. Each Warehouse lender's indemnity shall be on a *pro rata* basis, in accordance with each such facility's share of the unpaid principal balance of all consumer loans collectively owned by the relevant Warehouse; provided, that, such agreements shall become effective together with the Plan Administrator Agreement on the Effective Date. |
| 7. | Solar Mosaic shall deliver the notices of requests for indemnification under installer agreements to the applicable installers. |
| **On Effective Date:** | ***Task/Transaction*** |
| 1. | All Executory Contracts and Unexpired Leases other than those (a) identified on the Assumed Contracts List, or (b) previously assumed or rejected by the Debtors, shall be rejected effective as of the Effective Date. |
| 2. | The Successor Servicing Agreements shall become effective as between New Servicing OpCo and the applicable counterparties. |
| 3. | The Successor Administration Agreements shall become effective as between New Admin OpCo and the applicable counterparties. |

2

| 4. | The Plan Administrator Agreement (including the Plan Administrator Reimbursement and Fee Agreement, if any) shall become effective and the Plan Administrator shall be appointed and vested with control over the Wind Down Debtors and their Estates. |
|---|---|
| 5. | Pursuant to the Plan, the Prepetition First Out Lenders and DIP Lenders shall exchange 100% of the outstanding Prepetition First Out Claims and 100% of the DIP Claim comprising Second Out DIP Term Loans (as defined in the Final DIP Order), respectively, for their *pro rata* shares of 100% of the Reorganized Common Equity of Reorganized TopCo, and all such exchanged obligations shall be deemed extinguished pursuant to the Plan as to all Debtors. |
| 6. | Pursuant to the Plan, all issued and outstanding equity interests of any kind in TopCo existing as of the Effective Date shall be deemed canceled and extinguished in their entirety. |
| 7. | Reorganized TopCo shall be divested of all equity interests held in Solar Mosaic LLC, which shall remain a Wind Down Debtor, and control of which shall be, as of the Effective Date, turned over to the Plan Administrator, along with the other Wind Down Debtors. |
| 8. | Plan Sponsor shall contribute 100% of the equity interests of New HoldCo to Reorganized TopCo. |
| 9. | Reorganized TopCo to contribute all assets (including all intellectual property), contracts, and copies of the information, forms and data necessary for the continued operation of the Servicing Business to New HoldCo and, with immediate effect, New HoldCo shall contribute the same to New Servicing OpCo. |
| 10. | Each DIP Lender shall convert 100% of the then-outstanding New Money DIP Claims, in the aggregate, into the Exit Facility under which Reorganized TopCo shall be obligated, as borrower, under the Exit Facility Credit Agreement and other Exit Facility Loan Documents. |
| 11. | All Retained Causes of Action set forth in the Schedule of Retained Causes of Action shall be transferred to and vest in the Litigation Trust together with all other Retained Causes of Action (excluding, for the avoidance of doubt, any Retained Causes of Action retained by any other party as set forth on the Schedule of Retained Causes of Action). |
| 12. | The Litigation Trust Cash Contribution shall be contributed to the Litigation Trust. |

3

**Exhibit C-1**

**Redline of Restructuring Transactions Memorandum**

<u>Restructuring Transactions Memorandum</u>

Pursuant to the Amended Joint Chapter 11 Plan of Mosaic Sustainable Finance Corporation and its Affiliated Debtor (as modified, amended, or supplemented from time to time, the "<u>Plan</u>"), the Debtors currently anticipate that they will implement and seek confirmation of the Plan Equitization Transaction pursuant to the following steps which shall occur in the order set forth below.

This Restructuring Transactions Memorandum (the "<u>Memorandum</u>") reflects the Debtors' current intentions with respect to the Restructuring Transactions. For the avoidance of doubt, nothing in this Memorandum shall limit or modify in any way any authority or discretion granted to the Debtors under the Plan or the Confirmation Order. The Debtors reserve all rights to amend, revise or supplement the Plan Supplement, including this Memorandum, subject to the Plan, at any time prior to the Effective Date, or on any such other date as may be provided for by the Plan or by order of the Bankruptcy Court. Any capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Plan. To the extent any terms or conditions herein conflict with provisions of the Plan, the Plan shall control. This Memorandum is summary in nature, and may not include all transactions to be effectuated in connection with implementation of the Plan.

The Debtors currently anticipate that the following steps (collectively, the "<u>Restructuring Transactions</u>") shall occur in the order set forth below, with no step being effected until the prior step is complete (except as where otherwise noted).

| *On or prior to the Effective Date:* | *Task/Transaction* |
|---|---|
| 1. | Forbright Bank ("<u>Plan Sponsor</u>") shall form and own 100% of the issued and outstanding equity interests in Solar Servicing Holdings LLC ("<u>New HoldCo</u>"); New HoldCo own 100% of the equity interests in newly formed (a) Solar Servicing LLC ("<u>New Servicing OpCo</u>") and (b) FB Solar Admin LLC ("<u>New Admin OpCo</u>"). |
| 2. | At the election of the Prepetition Secured Agent, Solar Mosaic shall assign and transfer the intellectual property designated in writing by the Prepetition Secured Agent to TopCo. |
| 3. | Solar Mosaic shall assign and transfer to TopCo all assets necessary to ~~run~~operate the servicing business, and copies of the information, forms and data necessary for continued operating of the ~~Servicing Business~~servicing |

| | |
|---|---|
| | business, as the same is designated by the DIP Agent. |
| 4. | Except for any servicing counterparty which has its contract included on the Assumed Contracts List, each of the counterparties to the servicing agreements with Solar Mosaic (including any ABS Vehicle (and related underlying trusts), Warehouses and other wholesale loan counterparties) who wish to contract with New Servicing OpCo for go-forward servicing after the Effective Date, shall have entered into a new servicing agreement with New Servicing OpCo, the effectiveness of which shall be conditioned upon the occurrence of the Effective Date (the collectively, the "Successor Servicing Agreements"). |
| 5. | Each of the counterparties to the administration agreements by and among each ABS Vehicle, its applicable underlying trust, and Solar Mosaic, as Administrator, who wish to contract with New Admin OpCo for go-forward Administration of the bonds after the Effective Date, shall have entered into a new Administration agreement with New Admin OpCo, the effectiveness of which shall be conditioned upon the occurrence of the Effective Date (the collectively, the "Successor Administration Agreements"). |
| 6. | Each of the lenders to the Warehouses who have elected receive administrative services from the plan administrator shall have entered into an agreement (the "Plan Administrator Reimbursement and Fee Agreement") to compensate and indemnify the Plan Administrator in exchange for administrative services that the Plan Administrator provides. The scope of such indemnity shall be for liability incurred in the provision of such services and for the defense of any litigation related to the applicable Warehouse or its property. Each Warehouse lender's indemnity shall be on a *pro rata* basis, in accordance with each such facility's share of the unpaid principal balance of all consumer loans collectively owned by the relevant Warehouse; provided, that, such agreements shall become effective together with the Plan Administrator Agreement on the Effective Date. |
| 7. | Solar Mosaic shall deliver the notices of requests for indemnification under installer agreements to the applicable installers. |
| ***On Effective Date:*** | ***Task/Transaction*** |
| 1. | All Executory Contracts and Unexpired Leases other than those (a) identified on the Assumed Contracts List, or (b) previously assumed or rejected by the Debtors, shall be rejected effective as of the Effective Date. |
| 2. | The Successor Servicing Agreements shall become effective as between New Servicing OpCo and the applicable counterparties. |
| 3. | The Successor Administration Agreements shall become effective as between New Admin OpCo and the applicable counterparties. |

| | |
|---|---|
| 4. | The Plan Administrator Agreement (including the Plan Administrator Reimbursement and Fee Agreement, if any) shall become effective and the Plan Administrator shall be appointed and vested with control over the Wind Down Debtors and their Estates. |
| 5. | Pursuant to the Plan, the Prepetition First Out Lenders and DIP Lenders shall exchange 100% of the outstanding Prepetition First Out Claims and 100% of the DIP Claim comprising Second Out DIP Term Loans (as defined in the Final DIP Order), respectively, for their *pro rata* shares of 100% of the Reorganized Common Equity of Reorganized TopCo, and all such exchanged obligations shall be deemed extinguished pursuant to the Plan as to all Debtors. |
| 6. | Pursuant to the Plan, all issued and outstanding equity interests of any kind in TopCo existing as of the Effective Date shall be deemed canceled and extinguished in their entirety. |
| 7. | Reorganized TopCo shall be divested of all equity interests held in Solar Mosaic LLC, which shall remain a Wind Down Debtor, and control of which shall be, as of the Effective Date, turned over to the Plan Administrator, along with the other Wind Down Debtors. |
| 8. | Plan Sponsor shall contribute 100% of the equity interests of New HoldCo to Reorganized TopCo. |
| 9. | Reorganized TopCo to contribute all assets (including all intellectual property), contracts, and copies of the information, forms and data necessary for the continued operation of the Servicing Business to New HoldCo and, with immediate effect, New HoldCo shall contribute the same to New Servicing OpCo. Include "assets" (including any intellectual property assets) |
| 10. | Each DIP Lender shall convert $[___] million of100% of the then-outstanding New Money DIP Claims, in the aggregate, into the Exit Facility under which Reorganized TopCo shall be obligated, as borrower, under the Exit Facility Credit Agreement and other Exit Facility Loan Documents. |
| 11. | All Retained Causes of Action set forth in the Schedule of Retained Causes of Action shall be transferred to and vest in the Litigation Trust together with all other Retained Causes of Action (excluding, for the avoidance of doubt, any Retained Causes of Action retained by any other party as set forth on the Schedule of Retained Causes of Action). |
| 12. | to theThe Litigation Trust Cash Contribution shall be contributed to the Litigation Trust. |

3