IN THE UNITED STATES BANKTUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Lead Bankruptcy Case No. 25-90156 |
| MOSAIC SUSTAINABLE FINANCE CORPORATION, SOLAR MOSAIC LLC, *et. al.*, | Chapter 11 |
| | (Jointly Administered) |
| *Debtors.* | |
| GARY RIGDON and SAVANNAH RIGDON | Adversary No. _____ |
| *Plaintiffs*, | |
| v. | |
| SOLAR MOSAIC LLC DBA MOSAIC, | |
| *Defendant.* | |

### GARY RIGDON AND SAVANNAH RIGDON'S ORIGINAL COMPLAINT

COMES NOW the Plaintiffs, Gary Rigdon and Savannah Rigdon (collectively the "Rigdons"), by and through their undersigned attorney, file this Complaint against Defendant Mosaic Sustainable Finance Corporation DBA Mosaic (hereinafter "Mosaic"), and would respectfully show as follows:

#### INTRODUCTION

1. This action arises from Defendant Solar Mosaic LLC's wrongful filing and continued maintenance of a UCC-1 financing statement against Plaintiffs' home despite cancellation of the underlying contract, non-delivery of any goods or services, and the absence of any debt. The filing clouds title, has blocked a pending sale, and exposes Plaintiffs to imminent

1

irreparable harm. Plaintiffs seek declaratory, statutory, and equitable relief to clear title, avoid the unlawful lien, and recover damages and fees.

## PARTIES

2. Plaintiffs Gary Rigdon and Savannah Rigdon are individuals domiciled in Canadian County, Oklahoma.

3. Defendant Solar Mosaic LLC (hereinafter "Mosaic") is a limited liability company that conducts business in the state of Oklahoma. Pursuant to FED. R. BANKR. P. 7004(b)(9), Solar Mosaic may be served via first-class mail at its principal place of business listed in its Chapter 11 Petition: 601 12th Street Suite 325, Oakland, CA 94607.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1334 and 28 USCS § 157, as this is a core proceeding arising under Title 11 of the United States Code and related to a case under Title 11.

5. This Court has personal jurisdiction over Mosaic because it is a debtor in a Chapter 11 bankruptcy case pending in this Court.

6. This is a core proceeding under 28 U.S.C. § 157(b)(20(B) and (C), as it involves the allowance or disallowance of claims against the estate and counterclaims by the estate.

7. Pursuant to Local Rule 7008-1, Plaintiffs consent to this Court's entry of final orders or judgment related to this adversary proceeding.

8. This Court is the proper venue for this case pursuant to 28 USCS § 1334 and 28 USCS § 157, as the adversary proceeding arises in and is related to a Chapter 11 bankruptcy case pending in the Southern District of Texas.

## CONFLICT OF LAWS

**A. Oklahoma law governs lien validity and termination.**

9. Under the Uniform Commercial Code (UCC), as adopted by Oklahoma, the validity and enforceability of a financing statement are by the laws of Oklahoma when the transaction in question bears a relationship reasonable and appropriate relation to this State and no alternative law has been agreed upon by the parties. Okla. Stat. Tit. 12A, § 1-301. Because the real property in question is located in Oklahoma, Oklahoma law governs the validity and termination of the financing statement

**B. Federal law governs bankruptcy and injunctive relief.**

10. Federal bankruptcy law, including 11 U.S.C.S §§ 544 and 545, governs the avoidance of liens and the trustees strong-arm powers. Additionally, injunctive relief is governed by Federal Rule of Civil Procedure 65 and Federal Rule of Bankruptcy Procedure 7065.

11. The bankruptcy court has equitable powers to determine the allowability of claims and to issue orders necessary to enforce the Bankruptcy Code. *In re Ford*, 967 F.2d 1047, *In re Brints Cotton Marketing, Inc.*, 737 F.2d 1338.

## STATEMENT OF FACTS

**A. Mosaic prematurely filed and maintains an invalid lien against Plaintiffs.**

12. Plaintiffs Gary and Savannah Rigdon are homeowners residing at 7212 Meadow Lake Drive, Yukon, Canadian County, Oklahoma.

13. On May 21, 2024, Plaintiffs entered into a Supply and Installation Agreement (the "contract") with Freedom Forever Oklahoma, LLC ("Freedom Forever") for a residential solar system at their home.

14. The contract between Plaintiffs and Freedom Forever expressly provides that no payments are due until "Completed Installation." For third-party financed projects, the Agreement specifies that 100% of the system cost is due only upon completed installation. Because no installation ever occurred, Plaintiffs never owed—and do not owe—any payment obligations under the contract.

15. On May 29, 2024, a UCC-1 Financing Statement (the "UCC lien") was filed with the Oklahoma County Clerk by Solar Mosaic LLC acting through Lien Solutions. The filing lists Plaintiffs as debtors and Solar Mosaic LLC as secured party, and purports to encumber solar equipment and related goods.

    a. The UCC lien does not contain a legal description of real property to be encumbered, does not designate itself as a "fixture filing," and does not specify that it should be filed in "the real estate records."

    b. The filing further states that the collateral expressly "excludes Fixtures (as defined in Article 9 of the UCC), if any" and that such purchased goods—*excluding fixtures*—should be considered the "collateralized goods."

16. At the time of the filing, Plaintiffs had no knowledge that a lien had been recorded against their property or that any financing obligation to Mosaic existed. Plaintiffs understood only that their credit would be checked as part of the process with Freedom and were not aware that they had signed or authorized any financing arrangement with Mosaic as of the date the UCC lien was filed.

4

17. On September 6, 2024, Freedom Forever confirmed cancellation of the solar installation agreement via email. No work was performed, no goods were delivered, and no consideration was exchanged.

18. Despite cancellation of the underlying contract, Mosaic failed to terminate its UCC Lien as required under Okla. Stat. Tit. 12A, § 1-9-513.

**B. Defendants failed to withdraw the invalid UCC lien despite multiple notices from Plaintiffs.**

19. Plaintiffs first became aware of the UCC lien in August 2025, during preparations to sell their home.

20. Plaintiffs contacted both Freedom Forever and Mosaic in an effort to resolve the invalid lien. Each party responded that it required confirmation from the other before taking action. Plaintiffs copied both entities on a single email chain, enclosing Freedom Forever's written cancellation directly for Mosaic, however Mosaic did not cancel the loan or terminate the lien.

21. On August 21, 2025, Plaintiffs filed a police report with the Oklahoma City Police Department, Hefner Division, Case No. 2025-0061278, reporting suspected false pretenses in connection with the Mosaic lien filing and related lending practices.

22. On August 29, 2025, Plaintiffs entered into a contract to sell their home, with a designated closing date of September 19, 2025.

23. On September 8, 2025, Plaintiffs were advised by Apex Underwriters., Inc., the title company handling the closing of their home, that the pending sale could not close because of the UCC lien, which was treated as a cloud on title.

24. On September 8, 2025, Counsel called Mosaic's designated loan-servicing line at (833) 953-7949.

    a. The servicing agent advised that Counsel must contact Mosaic directly.

    b. Counsel then called Mosaic's customer line at (855) 746-5551. Counsel left a voicemail. No response has been received.

25. Counsel also attempted to reach Mosaic's bankruptcy counsel at Paul Hastings LLP. Counsel was referred back to Mosaic's loan-servicing line.

26. On September 8, 2025, Counsel also sent email correspondence to the designated Kroll noticing address with a written notice of intent to file an adversary proceeding against Mosaic. The notice enclosed supporting documentation including Freedom's written cancellation, photo evidence confirming no installation, the prior loan cancellation request, the police report, and the recorded UCC lien. Counsel requested that Mosaic cancel the loan and file a termination of the UCC lien statement to avoid adverse action.

27. On September 11, 2025, Kroll responded to Counsel's notice of intent to file an adversary proceeding. Kroll stated it had no authority to resolve the lien and directed Counsel to contact Mosaic through its customer service line, (855) 746-5551—the same number at which Counsel had already left a voicemail without response.

28. To date, neither Mosaic nor Freedom has provided any substantive response.

**C. Plaintiffs face imminent and irreparable harm.**

29. On September 15, 2025, Apex Underwriters, Inc., the licensed title company handling Plaintiffs' pending sale, executed an affidavit through its attorney, Jeremy James. Apex confirmed that the UCC lien filed by Mosaic (No. 2024052902052220) names Plaintiffs as debtors, references solar equipment as collateral, and contains no legal description of the

property. Apex further confirmed that, while the UCC lien appears to cover only personal property, it nonetheless constitutes a title defect. Apex advised that the defect could only be cured by (a) a full release, (b) a partial release excluding the property, or (c) a court order removing the encumbrance.

30. Plaintiffs have received no goods, no services, no solar panels or related equipment, and no loan proceeds or funds of any kind from either Freedom or Mosaic.

31. Plaintiffs bring this action to avoid the lien and prevent the severe economic harm that will occur if the sale of their home fails to close.

## CAUSES OF ACTION

### COUNT I – DECLARATORY JUDGMENT

32. The Rigdons incorporate by reference the allegations of the proceeding paragraphs.

33. An actual controversy exists regarding the validity of the Supply and Installation Agreement and Mosaic's UCC-1 Financing Statement.

34. Plaintiffs cancelled the underlying contract before any installation or delivery.

35. Under 28 U.S.C. § 2201 and FED. R. CIV. P. 57, this Court may declare the rights and obligations of the parties.

36. Plaintiffs seek a declaration that (a) the contract is void and unenforceable, and (b) the UCC-1 filing is invalid and must be terminated.

37. **WHEREFORE**, Plaintiffs request declaratory judgment under 28 U.S.C. §§ 2201–2202 that the contract is void and the lien invalid.

### COUNT II – WRONGFUL FILING / FAILURE TO TERMINATE UCC FINANCING STATEMENT

38. The Rigdons incorporate by reference the allegations of the proceeding paragraphs.

39. Okla. Stat. Tit. 12A § 1-9-513 requires termination of a financing statement when the secured obligation is satisfied or never arose.

40. Oklahoma UCC § 1-9-625 provides remedies, including statutory damages, for wrongful filing and failure to terminate.

41. Plaintiffs never owed any obligation to Mosaic, and the lien should have been terminated.

42. Mosaic's continued maintenance of the filing is wrongful under Oklahoma law.

43. **WHEREFORE**, Plaintiffs request damages under Okla. Stat. tit. 12A §§ 1-9-513 and 1-9-625, and an order directing immediate termination of the financing statement.

### COUNT III – AVOIDANCE UNDER THE BANKRUPTCY CODE

44. The Rigdons incorporate by reference the allegations of the proceeding paragraphs.

45. Under 11 U.S.C. §§ 544 and 549, obligations or transfers not supported by value or occurring post-petition may be avoided.

46. Mosaic's lien was filed without a valid financial obligation to Mosaic by Plaintiffs and without delivery of goods or value to Plaintiffs.

47. The filing is avoidable and should be set aside.

48. **WHEREFORE**, Plaintiffs request avoidance of Mosaic's UCC-1 filing under 11 U.S.C. §§ 544, 549, and related provisions.

### COUNT IV – INJUNCTIVE RELIEF

49. The Rigdons incorporate by reference the allegations of the proceeding paragraphs.

50. Plaintiffs face imminent, irreparable harm in the loss of a pending home sale.

51. FED. R. CIV. P. 65, incorporated by FED. R. BANKR. P. 7065, authorizes this Court to grant temporary restraining orders and preliminary injunctions.

52. Plaintiffs are likely to succeed on the merits, the balance of equities favors relief, and the public interest supports protection of homeowners against wrongful liens.

53. An injunction is necessary to prevent further harm.

54. **WHEREFORE**, Plaintiffs request entry of a temporary restraining order and preliminary injunction prohibiting enforcement of Mosaic's UCC filing so that Plaintiffs may proceed with the closing of their home without delay, preventing irrevocable and imminent harm.

### COUNT V – EQUITABLE RELIEF UNDER 11 U.S.C. § 105(a)

55. The Rigdons incorporate by reference the allegations of the proceeding paragraphs.

56. Section 105(a) of the Bankruptcy Code authorizes the Court to issue orders necessary to carry out its provisions.

57. Relief is required to enforce Plaintiffs' rights and to prevent injustice caused by Mosaic's improper lien.

58. Courts may invoke § 105(a) to fashion equitable remedies within the confines of the Bankruptcy Code (see *Marrama v. Citizens Bank*, 549 U.S. 365).

59. **WHEREFORE**, Plaintiffs request equitable relief under 11 U.S.C. § 105(a) as the Court deems just and proper.

### CONDITIONS PRECEDENT

60. All conditions to the claims for relief requested herein have been performed or have occurred.

### JURY DEMAND

61. Plaintiffs demand a trial by jury on all issues so triable pursuant to 28 U.S.C. § _157(e).

## ATTORNEYS' FEES

62. Plaintiffs seek an award of their reasonable attorneys' fees, costs, and expenses incurred in this action as deemed appropriate.

## CONCLUSION AND PRAYER

63. Mosaic recorded and refused to withdraw an invalid lien against Plaintiffs' property. Plaintiffs never received goods, services, or funds, and the underlying contract was canceled. Despite repeated notice, Mosaic and Freedom took no action. Plaintiffs have exhausted all other remedies and now face the imminent loss of their home sale. Relief from this Court is necessary to avoid injustice and protect Plaintiffs' property rights.

64. **WHEREFORE**, Plaintiffs Gary and Savannah Rigdon respectfully request that the Court enter judgment in their favor and grant the following relief:

   a. A declaratory judgment that the Supply and Installation Agreement with Freedom Forever Oklahoma, LLC is void and unenforceable, and that the UCC-1 Financing Statement filed by Mosaic is invalid and must be terminated;

   b. An order avoiding Mosaic's UCC-1 filing pursuant to 11 U.S.C. §§ 544, 549, and related provisions;

   c. A temporary restraining order and preliminary injunction prohibiting enforcement of Mosaic's UCC filing and directing its immediate termination;

   d. Damages, including statutory damages, for Mosaic's wrongful filing and failure to terminate the UCC financing statement, as authorized by Okla. Stat. tit. 12A §§ 1-9-513, 1-9-625, and related statutes;

    e. An award of Plaintiffs' reasonable attorneys' fees, costs, and expenses as permitted by law,

    f. Such other and further relief, at law or in equity, as the Court deems just and proper.

DATED this 18th day of September, 2025.

Respectfully Submitted,

*/s/ Ambrielle R. Glass*
Ambrielle R. Glass, OBA No. 33457
Admitted Pro Hac Vice
BlackBox Legal Group, PLLC
300 W. Gray Street, Suite 114
Norman, OK 73069
Telephone:  (405) 857-2159
Facsimile:  (405) 260-8765
info@blackbox.legal

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of September, 2025, a true and correct copy of the foregoing was served via CM/ECF to all counsel of record.

Respectfully Submitted,

*/s/ Ambrielle R. Glass*
Ambrielle R. Glass, OBA No. 33457