## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOSAIC SUSTAINABLE FINANCE CORPORATION, *et al.*, | ) ) | Case No. 25-90156 (CML) |
| | ) | |
| Debtors. | ) | |
| | ) | |

| | | |
|---|---|---|
| TROY BAUMGARTNER | ) | Adv. Pro. No. 25-[_____] |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SOLAR MOSAIC, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

## ADVERSARY COMPLAINT

---

Plaintiff, Troy Baumgartner, files this adversary complaint against

Defendant, Solar Mosaic, LLC, and pleads as follows:

*(JURY TRIAL DEMANDED)*

## <u>INTRODUCTION</u>

1.     This is a lender liability consumer adversary complaint brought against lender, Defendant, Solar Mosaic, LLC. This adversary complaint relates to Plaintiff, Troy Baumgartner's, purchase and financing of an improperly installed and non-functioning home solar panel system. In the transaction at issue in this litigation, Design 1 Group, LLC ("Design 1"), is the seller-installer and Defendant, Solar Mosaic, LLC is the lender. Since selling and installing Plaintiff's home solar system, Design 1 has filed for bankruptcy protection and gone out of business.

2.     Troy Baumgartner has dealt with non-functioning solar panels installed by Design One Group since installation in the late fall of 2022. The solar panels were improperly installed, not up to local building code, and will require at least $17,000 to repair. Due to this, Plaintiff was saddled with a $60,828 loan through Mosaic Solar – with a current balance of approximately $56,630 – for panels that don't work.

3.     Plaintiff, Troy Baumgartner, now understands Design 1 to have been a known bad actor in the home solar panel business – a fact about which Defendant, Solar Mosaic, either did know, or should have known. One of the central allegations of this adversary complaint is that Design 1 acted as an agent of Defendant, Solar Mosaic, generally, and specifically in connection with the in-home sale, and closed-circuit financing involved in the Plaintiff's consumer transaction.

4.      The fundamental basis for this adversary complaint is that Design 1 acted negligently and deceptively during the solicitation, sales, and installation process for the solar panel system that Plaintiff purchased and that Solar Mosaic has financed. These false promises and installation negligence resulted in a solar panel system that has never operated, failed to reduce Plaintiff's electricity bills, and did not deliver the substantial financial savings represented.

5.      Despite these failures, Defendant, Solar Mosaic, as the lender for the transaction and the principal to its agent, Design 1, unreasonably continues to demand payment from Plaintiff.

6.      Defendant, Solar Mosaic, as the exclusive lender and principal to Design 1, bears derivative liability for the deceptive practices, negligence, and fraudulent misrepresentations committed by Design 1. These wrongful actions have caused significant economic and emotional distress to Plaintiff.

7.      Additionally, Solar Mosaic conspired with Design 1 to deceive and defraud Plaintiff by concealing the true cost of the solar system installation, and its financing, at issue in this dispute. Solar Mosaic knowingly and falsely represented to Plaintiff that the annual percentage rate on the residential solar loan at issue in this dispute is 1.49%. This is false. The actual annual percentage rate for the Solar Mosaic financing of this transaction is much higher than 1.49%.

8.      The reason for this is simple: approximately one-third of the represented solar system installation price to Plaintiff was, in reality, a deceptive and illegal "program fee" packaged into the loan and payable to Solar Mosaic. Thus, the actual price of the installation for the solar system that Design 1 sold to Plaintiff was approximately $40,000, and not the $60,828 represented and financed. This inflation of the installation costs, and with "program fee" kickback to Solar Mosaic, it necessarily follows that the actual total finance charges for the life of the Solar Mosaic consumer loan at issue in this dispute is materially higher than $12,389.05 represented to Plaintiff in the loan closing certificate. Thus, the Solar Mosaic Truth in Lending Act (TILA) disclosure and the loan closing certificate that Solar Mosaic provided to Plaintiff for this transaction was knowingly false.

9.      The above facts also necessarily entail that the real annual percentage rate on the Solar Mosaic loan that is at issue in this dispute is materially higher than the represented 1.49% finance rate in the TILA disclosures. This deceptive and fraudulent action by Solar Mosaic gives rise to lender liability for common law fraud, for violations of the UTPCPL (Pennsylvania), and for violations of the federal Truth in Lending Act.

10.     Plaintiff has also disputed the false credit reporting of this Solar Mosaic loan with the major credit reporting bureaus. Despite this valid dispute of this

improper credit reporting, Solar Mosaic continues to falsely report this loan account as being owed and delinquent.

11.    This adversary complaint involves Troy Baumgartner's home located at 63 Alameda Street, Pittsburgh, Pennsylvania 15207.

12.    This adversary complaint seeks the non-discharge of any money judgment obtained in this proceeding under 11 U.S.C. 523(a)(2).

13.    This adversary complaint pleads the following causes of action under Pennsylvania and federal law: (1) breach of contract (seeking the remedy of rescission of contract, or in the alternative, money damages); (2) violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL); (3) breach of the duty of good faith and fair dealing; (4) negligence – defective installation; (5) fraud; (6) violations of the federal Truth in Lending Act; (7) violations of the federal Fair Credit Reporting Act; and (8) a claim for an adjudication of that any money judgment obtained in this adversary action is not dischargeable under 11. U.S.C. 523(a)(2).

## JURISDICTION AND VENUE

14.    This is an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157, 1331, 1367, and 2201. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(J). Consistent with Rule 7008 of the

Bankruptcy Rules and Rule 7008-1 of the Bankruptcy Local Rules for the Southern District of Texas, the Plaintiff consents to the entry of final orders or a final judgment by this Court in this adversary proceeding.

15.     The Court has "arising under" and "related to" jurisdiction under section 1334(b) of title 28 of the United States Code.  The Court has "arising under" jurisdiction because of the Plaintiff seeks the non-discharge of any judgment entered against Solar Mosaic in this matter based on fraud. The Court has "related to" jurisdiction based upon the tort claims and relief sought against Solar Mosaic, a debtor in this bankruptcy proceeding.

16.     Venue in this district is proper under to 28 U.S.C. §§ 1408.

17.     However, this dispute is subject to a binding arbitration clause. Plaintiff intends to move this Court to refer this dispute to JAMS consumer arbitration.

## **PARTIES**

18.     Plaintiff, Troy Baumgartner, is a resident of Pittsburgh. Pennsylvania

19.     Defendant, Solar Mosaic, LLC, is a Delaware limited liability company.

20.     Plaintiff brings his claims against Defendant, Solar Mosaic, in its capacity as the lender and holder of a consumer credit contract issued for the sale and installation of a solar panel system and generator at his residence. This is a lender liability action.

21.     Under the FTC Holder in Due Course Rule and Pennsylvania principal-agency law, Defendant, Solar Mosaic, LLC, is derivatively liable to Plaintiff for all the wrongful and tortious acts and omissions of its agent, Design 1, associated with the non-functioning solar panel system at issue in this case.

22.     Further, Solar Mosaic is directly liable for its own fraud and dishonesty in lending as it relates to the hidden, non-disclosed, finance charges packaged into the Design 1 solar system sales price and kicked back to Solar Mosaic. Solar Mosaic is also directly liable to Plaintiff for its false and inaccurate credit reporting activities.

### FACTS

23.     In September 2022, a sales representative of Design 1 initiated contact with Plaintiff at home in Pittsburgh, Pennsylvania.

24.     Design 1 presented a proposal for a solar panel system that promised to eliminate Plaintiff's electrical bill and provide substantial financial savings.

25.     Design 1 is the seller-installer of the solar panel system at issue in this proceeding.

26.     Defendant, Solar Mosaic, is the lender in this transaction. Plaintiff financed the purchase and installation of the Design 1 solar panel system (and a new roof) through a loan issued by Defendant, Solar Mosaic.

27.     The total purported (but not true) price of this home solar system and new roof was $60,828.

28.    The represented (but not true) annual percentage rate on the Solar Mosaic residential solar loan at issue in this case was 1.49%.

29.    The represented (but not true) total finance charges for the life of this Solar Mosaic residential solar loan was $12,389.05.

30.    Design 1 is responsible for the Design and installation of a 6.93 kW home solar system, including 18 solar panels at Plaintiff's home.

31.    Plaintiff's solar sales and installation agreement with Design 1 is attached to and incorporated into this pleading as Exhibit 1.

32.    A change order adding the installation of a new roof to the Design 1 contract is attached to and incorporated into this pleading as Exhibit 2.

33.    The Solar Mosaic-Troy Baumgartner loan agreement for the financing of the Design 1 contract is attached to and incorporated into this pleading as Exhibit 3.

34.    The loan closing certificate that Solar Mosaic provided to Plaintiff is attached to and incorporated into this pleading as Exhibit 4.

35.    On November 1, 2022, Design 1 completed its installation of Plaintiff's home solar system.

36.    However, Design 1 performed this installation incorrectly, incompletely and in violation of applicable building codes.

37.     Since installation, the Plaintiff's Design 1 solar system has never generated any electrical power.

38.     Frustrated with receiving no assistance from Design 1 or Solar Mosaic on his solar system problems, Plaintiff, in April 2025, hired a third-party solar Design-build company, Envinity, to inspect and create a remediation plan for his home solar system.

39.     The Envinity solar remediation proposal for Plaintiff's home solar system is attached to and incorporated into this pleading as Exhibit 5.

40.     The Envinity solar remediation proposal, Ex. 5, contains an estimated cost of system remediation of $16,667.

41.     To this day, the Design 1 solar system has never functioned properly or produced any energy savings.

42.     Design 1, while acting within the scope of its agency to Solar Mosaic, made numerous fraudulent, misleading, and deceptive representations to Plaintiff, including:

a.) That the solar system would eliminate his monthly electric bill; and

b.) That the system would provide immediate financial savings and allow for the resale of excess energy.

43.     Based on these representations, Plaintiff entered the sales contract with Design 1 for the purchase and installation of a solar system to be financed through a loan from Solar Mosaic.

44.     None of the representations made by Design 1, and reasonably relied upon by Plaintiff, came to fruition. Plaintiff has not experienced the promised financial savings, continues to pay his electric bills, and remains burdened by the costs of a defective and incomplete solar system.

45.     The fraudulent or negligent actions of Design 1 and Solar Mosaic have caused significant harm to Plaintiff.

**Solar Mosaic's Hidden Fees Financing Scheme**

46.     The deceptive sales tactics of solar panel installation contractors, such as Design 1 are enabled, facilitated, and ratified by the companies that provide loans and loan-servicing for residential solar transactions.

47.     Defendant, Solar Mosaic, is an online lender that utilizes a paperless point-of-sale system for generating loans. The focus of Defendant's business is arranging loans to finance the purchase and installation of solar panel systems and related equipment on the homes of individual customers. Defendant is one of the largest lenders in this segment of the consumer marketplace.

48.     To expand its business, Defendant, Solar Mosaic, Designed, implemented, and oversees consumer loans/home improvement loans for solar panel

systems. Defendant entices solar panel installation contractors, such as Design 1, to join their consumer loan/home improvement loan program by promising that participation will significantly increase sales. Under this program, the contractors become Defendant, Solar Mosaic's "Agents," and the sales representatives of these "Agents" are deputized to simultaneously sell customers both solar panels and financing through Solar Mosaic's loans. The availability of financing allows these "Agent" contractors to close more transactions and increase revenue.

49.    Defendant, Solar Mosaic, vests the sales representatives of its "Agents" with the authority to obtain nonpublic Personally Identifiable Information from consumers and to submit loan applications on their behalf. These sales representatives, acting as partners of Defendant, generate loans without verification of their qualifications to lawfully sell solar panel systems to consumers.

50.    Defendant, Solar Mosaic, offers its "Agents" immediate, on-the-spot loan approval through an electronic, paperless process. This guarantees contractors like Design 1, swift transactions and prompt payment for every closed deal.

51.    Defendant, Solar Mosaic, retains a portion of every loan generated by the sales representatives of its "Agents" to cover fees and charges. Both Solar Mosaic and the "Agent" contractors financially benefit from each loan generated. Solar Mosaic is incentivized to maintain the satisfaction of its "Agents," as they are

critical partners in the consumer loan program and a primary source of Solar Mosaic's revenue.

52.     The consumer loan/home improvement program enables and facilitates the exploitation of consumers by unscrupulous solar installation contractors who act as "Agents" in the program. There are no effective safeguards to protect consumers, resulting in loans that consumers often do not fully understand.

53.     Solar Mosaic's business model enables its "Agents" to reap significant profits by saddling consumers with tens of thousands of dollars of debt. The focus on speed, the paperless system, and financial incentives allow "Agents" to lock customers into financing quickly, receive immediate payment through the program, and avoid accountability when issues arise.

54.     Solar Mosaic neglects to exercise adequate oversight over its "Agents," despite granting them significant authority to bind customers into loans. Instead, it relies on superficial warranties and representations in contracts with its "Agents" while collecting substantial fees from each loan generated.

55.     Additionally, Defendant, Solar Mosaic, fails to disclose hidden program fees built into the loans, which are misrepresented to customers as equipment and labor expenses. This deceptive practice inflates costs for borrowers like Plaintiff, while generating additional revenue for Solar Mosaic.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

56.    The allegations of paragraphs 1-55 are incorporated here.

57.    Design 1, acting as agent of Defendant, Solar Mosaic, materially breached its contract with the Plaintiff by failing to install a solar panel system that functions and deliver 6.93 kW of power capacity.

58.    Design 1 promised Plaintiff that he would have 18 functional solar panels installed at his home. This did not occur.

59.    Under the FTC's Holder in Due Course Rule, Pennsylvania state principal-agency law, and language in the Solar Mosaic loan contract, Defendant, Solar Mosaic, is liable to Plaintiff for the breaches of its agent, Design 1.

60.    As a result of Design 1's material breaches of contract, for which Defendant, Solar Mosaic, is derivatively liable, Plaintiff is entitled to recover against Defendant, Solar Mosaic LLC, for the cause of action of breach of contract.

61.    Plaintiff elects the remedy of rescission of the contract for this breach of contract. In the alternative, Plaintiff makes demand for money damages (if, and only if, his request for rescission as the proper remedy for this claim is denied).

62.    Plaintiff demands rescission of the Solar Mosaic loan agreement and a refund of all monies paid under it, along with an award of pre-and post-judgment interest, costs, and all reasonable attorneys' fees incurred in this dispute.

## SECOND CAUSE OF ACTION
**(Violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 Pa. Stat. Ann. §§ 201-1 et seq.)**

63.     The allegations of paragraphs 1-55 are reincorporated.

64.     Design 1 and Solar Mosaic made material misrepresentations to Plaintiff that were false and misleading. Design 1 made false representations about the functioning and power generation that the solar system it sold to Plaintiff would provide. Meanwhile, both Design 1 and Solar Mosaic made knowingly false statements to Plaintiff, upon which he reasonably relied, about the real system price, applicable loan interest rate, and the total amount of finance charges to be assessed in this consumer transaction.

65.     A consumer's claim for damages under the Pennsylvania UTPCPL has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.

66.     The material misrepresentations about system performance that Design 1 to Plaintiff constitute deceptive acts or unfair practices under the Pennsylvania UTPCPL.

67.     The false promises that the solar panel system would eliminate Plaintiff's electric bills and provide substantial financial savings constitute deceptive acts or unfair practices under the Pennsylvania UTPCPL.

68.     The guarantees of quality workmanship free of defects, as well as assurances that any property damage caused during installation would be repaired, also constitute deceptive and unfair business practices.

69.     Defendant, Solar Mosaic LLC, deceptively hid program fees in the loan total presented to Plaintiff, instead lying and packaging these hidden finance charges into the "sale price" of the solar system. This also means that Solar Mosaic has knowingly misrepresented the effective interest rate on this loan and the total amount of finance charges to be paid by Plaintiff. These lies constitute deceptive and unfair business practices under the Pennsylvania UTPCPL.

70.     These representations were material to Plaintiff's decision to enter the Design 1 and Solar Mosaic agreements.

71.     Plaintiff was unaware of the falsity of these representations.

72.     The representations were reasonably relied upon by Plaintiff, who was ignorant of their falsity.

73.     Plaintiff had a right to rely on these representations and did, in fact, rely on them to his detriment, ultimately purchasing and financing the defective solar system in question.

74.     Under the FTC's Holder in Due Course Rule, Pennsylvania state principal-agency law, and language in the Solar Mosaic loan contract, Defendant, Solar Mosaic, is liable to Plaintiff for the misrepresentations and deceptive acts committed by its agent, Design 1. Solar Mosaic is directly liable to Plaintiff for its own dishonesty in lending, as detailed in this pleading.

75.    Plaintiff is entitled to recover against Defendant, Solar Mosaic, all actual damages, treble damages, attorneys' fees, and a rescission of his loan and all transaction documents associated with the underlying home solar transaction.

## THIRD CAUSE OF ACTION
### (Breaches of the Duty of Good Faith and Fair Dealing)

76.    The allegations of paragraphs 1-55 are reincorporated.

77.    Every contract under Pennsylvania law carries with it the duty of good faith and fair dealing.

78.    Solar Mosaic is derivatively liable to Plaintiff for the false promises of its agents, Design 1, regarding the solar system's performance.

79.    Solar Mosaic is directly liable to Plaintiff for the breaches of the duty of good faith and fair dealing that it has committed against Plaintiff regarding the hidden finance fees. These direct breaches of good faith and fair dealing on the part of Solar Mosaic stem from the fraudulently inflated solar system "sales price" for this transaction, with the correspondingly and artificially deflated interest rate disclosure.

80.    Plaintiff makes demand for all actual damages, rescission of transaction documents, punitive damages, attorneys' fees, costs, and pre-and-post judgment interest allowed by law for this breach of the duty of good faith and fair dealing cause of action.

## FOURTH CAUSE OF ACTION

**(Negligence / Gross Negligence – Defective Installation)**

81.     The allegations of paragraphs 1-55 are reincorporated.

82.     Design 1, as agent of Defendant, Solar Mosaic, installed the solar panel system and generator at Plaintiff's, residence in a careless and substandard manner. The system has never worked.

83.     Solar Mosaic is derivatively liable for these breaches of the standard of care that its agent, Design 1, has committed.

84.     Solar Mosaic is derivatively liable for the damages caused by these breaches of the standard of care by its agent, Design 1.

85.     Plaintiff makes demand for all actual damages, rescission of transaction documents, attorneys' fees, costs, and pre-and post-judgment interest allowed by law for this negligence (construction defect) cause of action.

## FIFTH CAUSE OF ACTION
### (Fraud)

86.     The allegations of paragraphs 1-55 are reincorporated.

87.     The false promises made by Design 1 that the solar panel system would eliminate Plaintiff's electric bills and provide substantial financial savings constitute material misrepresentations.

88.     The guarantee of quality workmanship free of defects also constitutes a material misrepresentation.

89.     Design 1 unfairly and deceptively solicited Plaintiff's business by promoting the purchase and installation of additional equipment to supposedly improve energy savings, which has not occurred in the slightest.

90.     Solar Mosaic deceptively hid program fees in the loan total presented to Plaintiff, instead lying and packaging these hidden finance charges into the "sale price" of the solar system. This also led to a knowing misrepresentation of the effective interest rate on this loan and the total amount of finance charges to be paid by Plaintiff. These lies constitute material misrepresentations.

91.     These representations were material to Plaintiff's decision to enter into the Design 1 sales and installation agreement and the Solar Mosaic loan agreement for this transaction.

92.     Plaintiff was unaware of the falsity of these representations.

93.     The representations were reasonably relied upon by Plaintiff, who was ignorant of their falsity.

94.     Plaintiff had a right to rely on these representations and did, in fact, rely on them to his detriment, ultimately purchasing and financing the defective solar system in question.

95.     Under the FTC's Holder in Due Course Rule, Pennsylvania state principal-agency law, and language in the Solar Mosaic loan contract, Defendant,

Solar Mosaic, is liable to Plaintiff for the misrepresentations and deceptive acts committed by its agent, Design 1.

96.    Solar Mosaic is directly liable to Plaintiff for its own dishonesty in lending, as detailed in this pleading.

97.    Plaintiff is entitled to recover against Defendant, Solar Mosaic, all actual damages, punitive damages, attorneys' fees, and a rescission of his loan balance.

## SIXTH CAUSE OF ACTION
### (Violations of the Truth In Lending Act, 15 U.S.C. §§1601 *et seq.*)

98.    The allegations of paragraphs 1-55 are reincorporated.

99.    The federal Truth in Lending Act, TILA, requires creditors who deal with consumers to make certain written disclosures concerning finance charges and related aspects of credit transactions (including disclosing an annual percentage rate) and comply with other mandates, and requires advertisements to include certain disclosures.

100.    TILA requires creditors to disclose the finance charge as a dollar amount on consumer credit disclosures. The finance charge is the total amount of interest and fees paid over the life of a loan, assuming on-time payments.

101.    Solar Mosaic made material misrepresentations in the loan disclosures that it, or its agent, Design 1, provided to Plaintiff in connection with the transaction at issue in this dispute. These knowing and material misrepresentations aimed at

concealing the illegal "program fee" that Solar Mosaic charged to Plaintiff violate Regulation Z of the TILA.

102.   These hidden finance fees are "buyer's points" under Regulation Z of the TILA that are required to be disclosed. They are not "seller's points".

103.   As a result of these TILA violations, Plaintiff was damaged and he requests an award of all actual damages, statutory damages, compensatory damages, rescission of the Solar Mosaic loan, attorneys' fees, costs, and for any other relief this tribunal deems proper.

## SEVENTH CAUSE OF ACTION
### (Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*)

104.   The allegations of paragraphs 1-55 are reincorporated.

105.   The Fair Credit Reporting Act (FCRA) shields consumers from the willful or negligent inclusion of erroneous data in their credit reports.

106.   Solar Mosaic has knowingly reported false information on Plaintiff's credit reports with the major credit reporting bureaus since the inception of this loan.

107.   The false information that Solar Mosaic has, and continues to report, against the credit history of Plaintiff includes false information on the true loan amount (not counting the fraudulent kickback at issue in this case); false information on the true loan balance; false information about this loan being due and payable; and false information about this account being delinquent.

108.    Plaintiff has disputed these false and inaccurate credit reporting activities. Solar Mosaic has falsely affirmed to the major credit bureaus that its credit reporting as to Plaintiff has been correct and accurate. This is yet another lie on the part of Solar Mosaic.

109.    Plaintiff has suffered harm as a direct result of these false and inaccurate credit reporting activities.

110.    As a result of these FCRA violations, Plaintiff was damaged and he requests an award of all actual damages, statutory damages, compensatory damages, attorneys' fees, costs, and any other relief this tribunal deems proper.

## EIGHTH CAUSE OF ACTION
### (Claim for Determination that Any Money Judgment Obtained in this Proceeding Is Not Subject to Discharge under 11. U.S.C. 523(a)(2))

111.    The allegations of paragraphs 1-55 are reincorporated.

112.    This adversary complaint involves claims of fraud related to Solar Mosaic's non-disclosed dealer fee contained in the consumer loan at issue in this dispute.

113.    Solar Mosaic conspired with its agent and co-conspirator, Design 1, the solar sales and installation company on this transaction, to intentionally misrepresent the real system price, the real effective interest rate of the financing for this transaction, and the actual amount of finance charges to be paid over the life of the loan.

114.   Plaintiff has pleaded claims of fraud, intentional violations of the Truth in Lending Act, violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) , and breaches of the duty of good faith and fair dealing in this adversary complaint.

115.   Any judgment entered against Defendant in this proceeding is not subject to discharge under 11. U.S.C. 523(a)(2).

116.   Plaintiff demands that money judgment be entered by this Court in his favor for all his actual damages, punitive damages, statutory damages, and attorneys' fees – and that such judgment be adjudicated, explicitly, to not be subject to bankruptcy discharge under 11. U.S.C. 523(a)(2).


Dated October 3, 2025.


Respectfully Submitted,

The Joshua S. Horton Law Firm, PA

*/s/ Joshua S. Horton*
The Joshua S. Horton Law Firm, PA
Attorney for Claimant,
107 Pond Apple Lane # 102
Jupiter, FL 33458
561-764-4041 - Telephone
561-584-5212 – Facsimile
Email: josh@joshuahortonlaw.com
Pennsylvania Bar No: 1009130

And

*/s/ Macy D. Hanson*
MACY D. HANSON
Miss. Bar # 104197
macy@macyhanson.com
The Law Office of Macy D. Hanson, PLLC
102 First Choice Drive
Madison, Mississippi 39110
Telephone: (769) 567-1934
Facsimile: (601) 853-9327