Ronald Ryan
Attorney at Law
Ronald Ryan PC
Representing Ronald Ryan, Creditor/Movant
1413 E Hedrick Drive
Tucson AZ 85719
(520) 329-9835 fax: (520)743-1020
ronaldryan@ronryanlaw.com
AZ Bar #018140 Fed Bar #18140

UNITED STATES BANKRUPTCY COURT
TEXAS SOUTHERN DISTRICT HOUSTON

| | |
|---|---|
| IN RE: MOSAIC SUSTAINABLE FINANCE CORPORATION, ET AL., JOINTLY ADMINISTERED CASE, ON BEHALF OF SOLAR MOSAIC LLC, (25-90155),<br><br>DEBTOR<br><br>RONALD RYAN, CREDITOR/MOVANT<br><br>VS.<br><br>SOLAR MOSAIC LLC, DEBTOR | MAIN CASE NO.: 25-90156 (CML)<br><br>**MOTION TO ALLOW LATE-FILED PROOF OF CLAIM DUE TO LACK OF NOTICE AS TO SOLAR MOSAIC LLC, AND FOR DETERMINATION THAT CLAIM IS NOT BARRED BY THE CLAIMS BAR DATE**<br><br>CHAPTER 11 |

**NOTICE PURSUANT TO LOCAL RULE 9013-1(b):**

This motion is served in accordance with Bankruptcy Local Rule 9013-1(b). If you object to the relief requested, you must file a written response within twenty-one (21) days from the date of service of this Motion. If you fail to file a timely response, the Court may grant the relief requested without further notice or hearing.

## I. RELIEF REQUESTED

Movant, Ronald Ryan, "Creditor," by way of Set-off against the Solar System Lender or Servicer, Solar Mosaic LLC ("SM"), "Debtor," through the undersigned Attorney Ronald Ryan (representing oneself),[1] respectfully requests entry of an order

[1] ORDER APPROVING MOTION *PRO HAC VICE*, Case 25-90156 Document 889 Filed in TXSB on 10-28-25.

deeming his Proof of Claim against Debtor to be timely filed, or in the alternative, allowing its late filing pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3), and the Due Process Clause of the Fifth Amendment, on grounds that Movant was a known creditor entitled to actual mailed notice of the bar date but received none.

## II. FACTUAL BACKGROUND

1. On June 6, 2025, the Debtor, Solar Mosaic LLC, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

2. On June 9, 2025, the Court entered its Order Granting Complex Bankruptcy Case Treatment (Doc. 27), identifying the jointly administered Debtors as: Mosaic Sustainable Finance Corporation (6802); *Solar Mosaic LLC (3655)*; Modern Home LLC (4998); Mosaic Funding Holdings LLC (0866); and SMCTX LLC (6303), with service address 601 12th Street, Suite 325, Oakland, California 94607.

3. The Court entered an order establishing October 16, 2025 as the General Claims Bar Date. *Bar Date Order*, Case 25-90156, Document 387, Filed in TXSB on 07-31-25. Notice of that deadline was ordered to be published in the New York Times, as set forth in said Order at Section III( C)(18) (Page 10).

4. Creditor is the purchaser of a Solar System from Solar Energy Consulting LLC, that was financed by Solar Mosaic LLC ("SM"), "Debtor."[2] Prior to the petition date, on May 4, 2025, Movant served Debtor with a Truth in Lending Act and Consumer Financial Protection Act Request for Information ("TILA & CFPA RFI") by certified mail, return receipt requested, with proofs of receipt.[3] Debtor even represented that it

[2] See Proof of Claim, Claim # 1905, filed 10-27-2025, and Exhibits thereon.
[3] See Exhibits A, B & D.

opened a customer service “Case” for Creditor’s “TILA & CFPA RFI,”[4] a month prior to filing this Chapter 11, when it sent the mandatory acknowledgement that it had received said RFI, by sending Creditor by email, the required correspondence in response. Therefore, Debtor knew that Creditor would or could have a Set-off Claimant against it. Creditor made subsequent inquiries as to when their responses could be expected, or whether they were refusing to respond.[5] And Debtor’s agents responded with vague and empty reply emails. Neither Debtor nor any of its agents or attorneys thereof, bothered to inform Creditor that it filed for Chapter 11.[6] To the date of this Motion, Debtor still has not so notified Creditor. Debtor’s bankruptcy did not include Creditor on any matrix or other noticing list.

5. Despite the fact that Debtor knew or should have known that Creditor had or may have a claim against it, Debtors failed to list Movant on their creditor matrix and did not provide mailed, nor other notice of the bar date, other than by publication.

6. Creditor first learned that there was a Claims Bar Date in this bankruptcy that Debtor filed after the October 16, 2025 bar date. Creditor promptly filed a Proof of Claim approximately 10 days thereafter, one day prior to mailing this Motion and its attachment, as referenced above. It took ten (10) days to: perform the necessary legal research; determine the damages or claim amounts; draft of Exhibit(s) to said Claim in the form of a draft adversary Complaint and attachments thereto; compose the present *Motion to Allow Late-Filed Proof of Claim Due to Lack of Notice as to Solar Mosaic LLC and for Determination that Claim is Not Barred by the Claims Bar Date*; compose the

[4] See Exhibit C, verification receipt of RFI & notice of New Customer Case # 04637717.
[5] See Exhibits C, E & F.
[6] See Exhibits C & F.

proposed Order Approving same; Motion to Appear *Pro Hac Vice*; and compose the Notice of Appearance and Request for Notice.

## III. ARGUMENT AND MEMORANDUM OF AUTHORITIES

### A. Movant Was a Known Creditor Entitled to Actual Notice

Under well-established due process law, debtors must provide actual written notice of the bar date to all known creditors. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *City of New York v. New Haven R.R. Co.*, 344 U.S. 293 (1953); *In re Crystal Oil Co.*, 158 F.3d 291 (5th Cir. 1998).

### B. Publication Notice Was Constitutionally Insufficient

Publication suffices only for unknown creditors. See *In re Maya Construction Co.*, 78 F.3d 1395 (9th Cir. 1996). Because Debtors had actual knowledge of Movant's claim, publication was inadequate.

### C. Due Process Requires Permitting the Claim

The Fifth Circuit has held that known creditors not receiving mailed notice are not bound by bar dates. *Crystal Oil*, 158 F.3d at 297.

### D. Alternatively, Cause Exists Under Rule 3003(c)(3)

Even if the Court finds the bar-date order applicable, cause exists for extension since Movant acted diligently and no prejudice exists.

## IV. RELIEF REQUESTED

Movant respectfully requests that the Court enter an order:

1. Determining that Movant's Proof of Claim is not barred by the October 16, 2025 bar date; or

2. Authorizing Movant to file his Proof of Claim out of time pursuant to Rule 3003(c)(3); and

3. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,
/s/ Ronald Ryan,
Ronald Ryan, Ronald Ryan PC
Attorney for Ronald Ryan (self)
1413 E. Hedrick Dr.
Tucson, AZ 85719
Office: (520) 298-3333 x1
Fax: (520) 743-1020
Cell: (520) 329-9835
Email: ronaldryan@ronryanlaw.com

**CERTIFICATE OF SERVICE**

I certify that on October 29, 2025, a true and correct copy of the foregoing Motion was served via the Court's CM/ECF system upon all parties registered to receive electronic notice, including Debtors' counsel, the Office of the United States Trustee, and those listed on the Master Service List for this case.

/s/ Ronald Ryan