**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| MOSAIC SUSTAINABLE FINANCE CORPORATION, *et al.*,[1] | ) | Case No. 25-90156 (CML) |
| | ) | (Jointly Administered) |
| Wind-Down Debtors.[2] | ) | |

**WIND-DOWN DEBTORS' OBJECTION TO REQUEST TO FILE LATE CLAIM FILED BY CHRISTINE AND ARLANDERS JONES**
**[Relates to ECF No. 1277]**

The Wind-Down Debtors (as defined above), by and through Olive Advisors, LLC (the "Plan Administrator"), in its capacity as plan administrator under the Plan[3] and Confirmation Order[4] in the above-captioned Chapter 11 cases, and hereby objects to the *Request to File Late Claim / Request to Be Added to Chapter 11 Bankruptcy Case* (the "Motion") [ECF No. 1277] filed by Christine and Arlanders Jones ("Movants") and states as follows:

---

[1] A complete list of each of the Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each federal tax identification number, are as follows: Solar Mosaic LLC (3655); Modern Home LLC (4998); Mosaic Funding Holdings LLC (0866); and SMCTX LLC (6303). The service address for each is as follows: Olive Advisors LLC, Plan Administrator of the Wind-Down Debtors c/o Bradley Arant Boult Cummings LLP, Jarrod Martin & Michael Riordan, 600 Travis St., 56th Floor, Houston, Texas 77002.

[2] Under the terms of the confirmed Plan (ECF No. 671), upon the occurrence of the Effective Date (as defined in the Plan), Mosaic Sustainable Finance Corporation is deemed a "Reorganized Debtor" (as defined in the Plan), and Solar Mosaic LLC, Modern Home LLC, and Mosaic Funding Holdings LLC are designated as "Wind Down Debtors" (as defined in the Plan).

[3] The term "Plan" as used herein refers to the *Fourth Amended Joint Chapter 11 Plan of Mosaic Sustainable Finance Corporation and Certain of its Affiliated Debtors* [ECF. No. 623].

[4] The term "Confirmation Order" as used herein refers to the *Findings of Fact, Conclusions of Law, and Order Confirming the Fourth Amended Joint Chapter 11 Plan of Mosaic Sustainable Finance Corporation and Certain of its Affiliated Debtors* [ECF. No. 671].

## JURISDICTION AND VENUE

1. This Court (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the *Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, dated May 24, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Plan Administrator confirms its consent to entry of a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On June 6, 2025 (the "Petition Date"), each of the Debtors filed voluntary petitions with this Court for relief under chapter 11 of the Bankruptcy Code. Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of these chapter 11 cases are set forth in detail in the *Declaration of Mark Renzi, Chief Restructuring Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [ECF No. 5].

4. On July 31, 2025, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9); (II) Approving the Form of Notice of Bar Dates; and (III) Granting Related Relief* (the "Bar Date Order") [ECF No. 387] establishing October 16, 2025 at 4:00 p.m. (prevailing Central Time) and December 3, 2025 at 4:00 p.m. (prevailing Central Time) as the General Bar Date and Governmental Bar Date, respectively (each as defined therein).

5. Paragraph 14 of the Bar Date Order outlined the procedures for providing notice of the General Bar Date to current and former borrowers of the Debtors. *See* ECF No. 387. Specifically, the Bar Date Notice (as defined therein) was to be served "via electronic mail on all current and former borrowers with loans originated or serviced by the Debtors . . . provided that, with respect to any Borrower for whom the Debtors receive a "bounce-back" or similar error message indicating such electronic mail is undeliverable, the Debtors will use commercially reasonable efforts to provide service of the Bar Date Notice via first class mail to the last known address of such Borrower." *Id.* at ¶ 14(b).

6. On September 5, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Fourth Amended Joint Chapter 11 Plan of Mosaic Sustainable Finance Corporation and Certain of its Affiliated Debtors* [ECF No. 671] (the "Confirmation Order") confirming the *Fourth Amended Joint Chapter 11 Plan of Mosaic Sustainable Finance Corporation and Certain of its Affiliated Debtors* attached thereto as Exhibit A (as modified, amended, or supplemented from time to time, the "Plan").

7. Pursuant to the terms of the confirmed Plan, Olive Advisors, LLC was appointed as the Plan Administrator, effective upon the Effective Date of the Plan (as those terms are defined therein). *See* Plan, §§ 1.67, 1.123, and 7.20.

8. On September 22, 2025, the Debtors filed the *Notice of (I) Entry of Order Confirming the Fourth Amended Joint Chapter 11 Plan of Mosaic Sustainable Finance Corporation and Certain of its Affiliated Debtors and (II) Occurrence of the Effective Date*, establishing September 22, 2025 as the Effective Date of the Plan.

9. The confirmed Plan and applicable Bar Date Order established clear and binding procedures governing how creditors and parties in interest may assert claims against the estate.

Those procedures apply with equal force to all parties—including *pro se* claimants such as Movants.

10. On August 27, 2025, the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC ("Kroll"), filed an *Affidavit of Service of Solicitation Materials* (the "Affidavit of Service"), which outlined the date and manner of service of the Bar Date Notice (attached thereto as Exhibit K) to required parties, including current and former borrowers of the Debtors. *See* ECF No. 537. Paragraph 7 of the Affidavit of Service provides that electronic links to the Bar Date Notice and Proof of Claim Form were served via email on August 5, 2025 to 379,598 Borrowers (as such terms are defined therein). *Id.*

11. Due to the terms of that certain *Order (I) Authorizing Debtors to (A) File a Consolidated Creditor Matrix, (B) File a Consolidated List of the 30 Largest Unsecured Creditors, and (C) Redact Certain Individual Confidential Information, and (II) Approving Special Electronic Noticing Procedures and (III) Granting Related Relief* [ECF No. 38] (the "Redaction Order") the names of these borrowers who received service via email were not listed in the Affidavit of Service, however, Kroll maintained a record of the borrowers and contact information who received service in the manner outlined by Paragraph 7.

12. Upon review and investigation, counsel for the Plan Administrator has confirmed with Kroll that Movants received service of the Bar Date Notice and Proof of Claim Form via electronic mail at the same email address provided in the Motion, cmramirez85@yahoo.com. Kroll's records also confirmed that the service of the Bar Date Notice to Movants' email did not "bounce back" or experience a similar error message indicating such electronic mail was undeliverable. Accordingly, no further service was needed upon Movants under the terms of the Bar Date Order. *See* ECF No. 387, ¶ 14(b).

13. According to the documents attached to the Motion, Movants entered into a financing contract for the installation of a solar system. ECF No. 1277. Financing was provided through Solar Mosaic LLC (the "Loan") for the solar panel system at the property located at 1311 Summerchase Rd., San Jacinto, CA 92582.

14. The Loan is presently being serviced by Solar Servicing LLC.

15. Movants' Motion requests relief from this Court to assert claims against Debtor Solar Mosaic LLC in connection with the Loan and related obligations. ECF No. 1277. The Motion was entered by the Court on the docket on September 1, 2026.

## OBJECTION

### A. The Motion Must Be Denied Because Movants Received Actual Notice of the Bar Date.

16. Kroll's business records confirm that the Bar Date Notice and Proof of Claim Form were served on Movants' email at cmramirez85@yahoo.com, which is the same email address listed in the Motion. The transmission of the documents generated no bounce-back or other error indicating non-delivery.

17. Movants contend they did not receive notice of the bankruptcy or the claims process to timely assert a claim in this case. However, such an allegation cannot overcome Kroll's business record of its successful delivery to the same email address provided in the Motion. Accordingly, the Motion must be denied on this basis alone.

### B. The Motion Must Also Be Denied Because Movants' Failure to Timely File a Proof of Claim Was Not the Result of Excusable Neglect.

18. Rule 9006 of the Federal Rules of Bankruptcy Procedures governs the extension of time to act whenever a notice given by a court requires an act to be performed within a specified period. *See* Fed. R. Bankr. P. 9006(b). If the time period to act has expired, the court may extend the time to act if "the failure to act within that period resulted from excusable neglect". *Id.* In

analyzing whether the failure of a party to act was the result of "excusable neglect" courts generally follow the guidelines articulated in *Pioneer Inv. Servs. Co. y. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

19. In *Pioneer*, creditors filed a motion to permit late filing of their proofs of claim under Rule 9006(b) twenty (20) days after the bar date had passed. *Id.* at 384. The Supreme Court of the United States concluded that "determining whether a party's neglect of a deadline is excusable . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. This included analyzing the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.*

20. Ultimately, the Supreme Court in *Pioneer* found there was excusable neglect to permit the late filing of the creditors' proofs of claims because there was no danger of prejudice to the debtor, disruption to judicial proceedings, or lack of good faith in the creditors' request for approval of the late filings. *Id.* at 397-98. The Supreme Court also found that the debtor's notice of bar date was peculiar and deficient. *Id.* at 398-99.

21. However, the circumstances surrounding Movants' Motion are distinguishable from the creditors in *Pioneer*.

22. In this case, the Motion is being filed nearly a year after the October 16, 2025 Bar Date and more than a year after the Bar Date Notice and Proof of Claim Form were emailed without issue to Movants at the same address provided in the Motion. *See* ECF Nos. 387 and 537. Movants' Motion has not met their burden of establishing excusable neglect.

23. Granting the Motion would cause real and substantial prejudice. The Plan has been confirmed, and the Plan Administrator has begun administering the wind-down and reconciliation of Class 6 Claims for distribution. Allowing a late proof of claim for a creditor whose email address is active and did not receive an undeliverable bounce back would be prejudicial and disruptive to the Debtors because it would invite similarly situated creditors to seek leave to file late claims, thereby preventing the Debtors from establishing a fixed universe of allowed Class 6 Claims for distribution purposes, and delay the orderly administration and ultimate conclusion of these bankruptcy cases.

## CONCLUSIONS

For these reasons, the Plan Administrator respectfully requests this Court to deny the relief requested in Movants' Motion due to there being no excusable neglect and actual notice of the Bar Date and Proof of Claim Form being timely provided by the Debtors, and for such other and further relief as may be just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: September 15, 2026
Houston, Texas

Respectfully submitted,

*/s/ Asiya Khan*

**BRADLEY ARANT BOULT CUMMINGS LLP**

Jarrod B. Martin
Texas Bar No. 24070221
Michael K. Riordan
Texas Bar No. 24070502
Asiya Khan
Texas Bar No. 24139763
JPMorgan Chase Tower
600 Travis Street, Suite 5600
Houston, Texas 77002
Telephone: (713) 576-0300
Facsimile: (713) 576-0301
Email: jbmartin@bradley.com
mriordan@bradley.com
akhan@bradley.com

*Counsel for Olive Advisors LLC,*
*Plan Administrator to the Wind Down Debtors*

## CERTIFICATE OF SERVICE

I certify that on September 15, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and by First Class Mail at the Movant's address listed below.

Christine and Arlanders Jones
1311 Summerchase Rd
San Jacinto, CA 90805

*/s/ Asiya Khan*
Asiya Khan